Dirk O. Julander, Bar No. 132313
  *doj@jbblaw.com*
JULANDER, BROWN & BOLLARD
9110 Irvine Center Drive
Irvine, California 92618
Telephone: (949) 477-2100
Facsimile: (949) 477-6355

Attorney for Defendants
OLIVIA HO CHENG and ARF
PARTNERS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CASTEL S.A., a Luxembourg joint stock company (*societe anonyme*),<br><br>          Plaintiff,<br><br>     vs.<br><br>CHRISTOPHER A. WILSON, an individual; OLIVIA HO CHENG, an individual; ARF PARTNERS, LLC, a Massachusetts limited liability company; STEVEN J. JAMES, an individual; MICHAEL DEVLIN, an individual,<br><br>          Defendants. | Case No. 2:19-cv-09336-ODW-MAA<br>Judge:  Hon. Otis D. Wright<br><br><br>**DEFENDANTS OLIVIA HO CHENG AND ARF PARTNERS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br><br>DEMAND FOR JURY TRIAL |

JULANDER | BROWN | BOLLARD
ATTORNEYS AT LAW
JBB

Defendants OLIVIA HO CHENG ("Cheng") and ARF PARTNERS, LLC ("ARF Partners;" collectively "Defendants") hereby submit their Answer and Affirmative Defenses to the Second Amended Complaint ("Complaint") filed by Plaintiff CASTEL S.A. ("Plaintiff" or "Castel"). Except as to those allegations that are expressly admitted by Defendants in this Answer, all allegations in the Complaint are hereby denied. In addition, Plaintiff uses headings in its Complaint. Defendants do not repeat these headings in their Answer as they are not allegations, but by so omitting, Defendants do not thereby admit any of the contents of Plaintiff's headings, to the extent any such headings may be interpreted as allegations. Defendants' use herein of defined terms in the Complaint should not be interpreted as, and is not, an admission that: (i) Defendants agree with Plaintiff's characterization or use of the defined terms; (ii) the defined terms are accurate; or (iii) the documents or items described by the defined terms actually exist. Defendants use these defined terms solely for purposes of responding to the allegations in the Complaint. Defendants expressly reserve the right to amend and/or supplement their Answer as may be necessary.

## ANSWER

1.     Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 1 of the Complaint related to Plaintiff's business.

2.     Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 2 of the Complaint related to Defendant CHRISTOPHER A. WILSON's ("Wilson") residence.  Defendants admit Wilson acted as the interim Chief Executive Officer ("CEO") of Aurora Imaging Technology, Inc. ("AIT") from mid-2015 to June 1, 2020.  Except as expressly admitted herein, the allegations in paragraph 2 of the Complaint are denied.

3.     Defendants admit the allegations in paragraph 3 of the Complaint regarding Cheng's residence. Defendants admit that Cheng has been a member of ARF Partners and the Chairman and President of Aurora Healthcare since their

1  formation.  Except as expressly admitted herein, the allegations in paragraph 3 of

2  the Complaint are denied.

3      4.      Defendants admit the allegations in paragraph 4 of the Complaint with

4  respect to the formation and address of ARF Partners. Defendants admit that the

5  general character of the business is "investment." Except as expressly admitted

6  herein, the allegations in paragraph 4 of the Complaint are denied.

7      5.      Defendants admit the allegations in paragraph 5 of the Complaint

8  regarding James's residence.  Defendants admit that James is the Secretary and

9  Treasurer of Aurora Healthcare.  Except as expressly admitted herein, the

10  allegations in paragraph 5 of the Complaint are denied.

11      6.      Defendants lack sufficient information to admit or deny and therefore

12  deny the allegations in paragraph 6 of the Complaint related to Devlin's residence,

13  licensure and business ventures. Defendants admit that Devlin was on the board of

14  directors of AIT from 2006-2015 and was the CEO of AIT from mid-2014 until

15  mid-2015.  Except as expressly admitted herein, the allegations in paragraph 6 of the

16  Complaint are denied.

17      7.      The allegations of paragraph 7 do not require a response.

18      8.      The allegations of paragraph 8 contain legal conclusions which do not

19  require a response. To the extent a response is required, the allegations in paragraph

20  8 are denied.

21      9.      The allegation of paragraph 9 regarding the propriety of venue

22  constitutes a legal conclusion which does not require a response. Defendants deny

23  the allegations regarding AIT's principal business office address and deny the

24  allegation that Wilson is the current Chief Executive Officer of AIT. Defendants

25  lack sufficient information to admit or deny and therefore deny the allegation

26  regarding Wilson's residential address. Defendants admit that Wilson works as a

27  lawyer at Wilson, Bradshaw LLP, but deny the alleged address of the law firm.

28  / / /

CHENG AND ARF PARTNERS ANSWER TO SECOND AMENDED COMPLAINT

Except as expressly admitted herein, the allegations in paragraph 9 of the Complaint are denied.

10.     The allegations of paragraph 10 contain legal conclusions which do not require a response. To the extent a response is required, the allegations in paragraph 10 are denied.

11.     The allegation of paragraph 11 regarding personal jurisdiction and the propriety of venue constitutes a legal conclusion which does not require a response. Defendants admit that AIT registered to do business in California on June 4, 2009. Defendants admit that, at the time of its Statement and Designation by Foreign Corporation, the company's principal office in California was 101 The City Drive, Building 20, Orange, California 92868. Defendants admit that, according to the California Secretary of State, AIT's California corporate registration number was C3210908.  Except as expressly admitted herein, the allegations in paragraph 11 of the Complaint are denied.

12.     Defendants admit the allegations in paragraph 12 related to James signing the filing in 2009 as AIT Executive Vice President and the filing in 2013 as AIT's Chief Financial Officer. Except as expressly admitted herein, the allegations in paragraph 12 of the Complaint are denied.

13.     Defendants admit that Devlin was on the board of directors of AIT from 2006-2015 and was the CEO of AIT from mid-2014 until mid-2015. Defendants admit that Devlin was listed as the CEO of AIT on AIT's November 20, 2014 Statement of Information filed with the California Secretary of State.  Except as expressly admitted herein, the allegations in paragraph 13 of the Complaint are denied.

14.     Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 14 of the Complaint related to where Devlin conducted business.  Defendants believe that Devlin resided and worked in

/ / /

Tennessee.  Except as expressly admitted herein, the allegations in paragraph 14 of the Complaint are denied.

15.     Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 15 of the Complaint related to Wilson's residence and where he took actions related to AIT.  Defendants admit Wilson acted as the interim CEO of Aurora Imaging Technology, Inc. ("AIT") from mid-2015 to June 1, 2020.  The allegations of paragraph 15 regarding the allegedly "unlawful" sale and "irreparable" harm constitute argument and legal conclusions which do not require a response.  Except as expressly admitted herein, the allegations in paragraph 15 of the Complaint are denied.

16.     Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 16 of the Complaint related to where Wilson took actions related to AIT.  Defendants admit that while AIT was registered to do business in California, and while Wilson was acting as interim CEO of AIT, Pharos's shares of AIT were sold to ARF Partners and that the transaction was approved by the Board of Directors.  Except as expressly admitted herein, the allegations in paragraph 16 of the Complaint are denied.

17.     The allegations of paragraph 17 contain legal conclusions which do not require a response.

18.     The allegations of paragraph 18 contain legal conclusions which do not require a response.

19.     The allegations of paragraph 19 contain legal conclusions which do not require a response.

20.     Defendants admit that AIT is a Delaware corporation that, when operating, specialized in advanced breast imaging relating to the prevention, diagnosis and treatment of breast cancer.  Defendants admit that AIT once had the authority to issue 50,000,000 shares of common stock and 35,000,000 shares of preferred stock, in several series. Defendants admit that, when it was operating, AIT

issued common stock, Preferred Series A stock, Preferred Series B stock, Preferred Series C stock, and Preferred Series D Stock.  Except as expressly admitted herein, the allegations in paragraph 20 of the Complaint are denied.

21.     Defendants admit that, prior to its dissolution, Central Mass was a Massachusetts limited liability company with an address at 16A Electronics Ave., Danvers Massachusetts and was a subsidiary that was owned entirely by AIT. Except as expressly admitted herein, the allegations in paragraph 21 of the Complaint are denied.

22.     Defendants admit that Exhibit A is a copy of the June 2006 Series C Preferred Stock Purchase Agreement between Plaintiff and AIT which speaks for itself.  Except as expressly admitted herein, the allegations in paragraph 22 of the Complaint are denied.

23.     Defendants admit that Exhibit B is a copy of the July 15, 2008 Series D Preferred Stock Purchase Agreement between Plaintiff and AIT which speaks for itself.  Except as expressly admitted herein, the allegations in paragraph 23 of the Complaint are denied.

24.     Defendants admit that Plaintiff owned 16.7% of series C and 16.7% of series D stock. Defendants admit that Plaintiff had all of the rights of a minority shareholder. Defendants specifically deny that Plaintiff had a right to "participate in management and profits of AIT as a minority shareholder." Except as expressly admitted herein, the allegations in paragraph 24 of the Complaint are denied.

25.     Defendants admit that Exhibit C is a copy of the March 14, 2011, Secured Promissory Note in favor of Plaintiff which speaks for itself.  Except as expressly admitted herein, the allegations in paragraph 25 of the Complaint are denied.

26.     Defendants admit that, at one time, Pharos Capital Partners II-A, L.P. owned 2,196,970 of series C and 1,864,103 of series D stock, and Pharos Capital Partners II, L.P. owned 2,853,535 of series C and 700,000 of series D stock.

Defendants admit that both Pharos entities loaned money to AIT between 2011 and 2015 pursuant to a number of Secured Promissory Notes.  Defendants admit that the principal amounts of the Secured Promissory Notes held by the Pharos entities collectively totaled $3,300,000.  Except as expressly admitted herein, the allegations in paragraph 26 of the Complaint are denied.

27.     Defendants admit that Exhibit D is a copy of an executed Series C Stockholder Agreement dated June 2006 which speaks for itself.  Defendants admit that a similar one was executed for Series D stock.  Except as expressly admitted herein, the allegations in paragraph 27 of the Complaint are denied.

28.     Defendants admit that Exhibit E is a copy of the November 25, 2015 Stock and Note Purchase Agreement and Assignment of Amended and Restated Note Purchase, Guaranty and Security Agreement, between ARF Partners and the Pharos entities which speaks for itself.  Except as expressly admitted herein, the allegations in paragraph 28 of the Complaint are denied.

29.     Defendants admit that Exhibit F is a copy of the November 25, 2015 Settlement Agreement and Release of Claims executed by the Pharos entities, AIT and Central Mass which speaks for itself.  Except as expressly admitted herein, the allegations in paragraph 29 of the Complaint are denied.

30.     Defendants admit that Exhibit G is a copy of the November 25, 2015 Novation Agreement executed by the Pharos entities, AIT, Central Mass and ARF Partners which speaks for itself.  Except as expressly admitted herein, the allegations in paragraph 30 of the Complaint are denied.

31.     Defendants admit that discussions were held related to the sale of AIT to the Cayman Islands company as a holding company.  Except as expressly admitted herein, the allegations in paragraph 31 of the Complaint are denied.

32.     Defendants deny the allegations in paragraph 32 of the Complaint.

/ / /

/ / /

33.     Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 33 of the Complaint related to Wilson's communications with Plaintiff.

34.     Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 34 of the Complaint related to Wilson's communications with Plaintiff.

35.     Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 35 of the Complaint related to information Wilson provided to Plaintiff.

36.     Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 36 of the Complaint related to Wilson's communications with Plaintiff and whether Plaintiff signed the Action by Written Consent in lieu of a Special Meeting of Stockholders of AIT.

37.     Defendants admit that Exhibit J is an October 31, 2016 Asset Purchase Agreement between AIT and Aurora Healthcare SPC which speaks for itself. Except as expressly admitted herein, the allegations in paragraph 37 of the Complaint are denied.

38.     Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 38 of the Complaint related to Plaintiff's knowledge of the shareholders' consent.

39.     The allegations of paragraph 39 of the Complaint are purely argumentative and do not require a response.  To the extent that a response is required, the allegations in paragraph 39 are denied.

40.     Defendants admit that Exhibit K is an unsigned copy of the November 15, 2016 Waiver, Acknowledgement and Agreement – Buyer Equity Conversion which speaks for itself. The remaining allegations of paragraph 40 of the Complaint are purely argumentative and do not require a response. To the extent that a response is required, the allegations in paragraph 40 are denied.

41.    Defendants deny the allegations in paragraph 41 of the Complaint.

42.    Defendants admit that Plaintiff was not offered an equity conversion to the Cayman Islands company.  Except as expressly admitted herein, the allegations in paragraph 42 of the Complaint are denied.

43.    The allegations of paragraph 43 of the Complaint are purely argumentative and do not require a response.  To the extent that a response is required, the allegations in paragraph 43 are denied.

44.    Defendants admit that Aurora Healthcare received a transfer of assets pursuant to a Bill of Sale and Instrument of Assignment which speaks for itself. Except as expressly admitted herein, the allegations in paragraph 44 of the Complaint are denied.

45.    Defendants admit that Cheng was and still is the President and Chairman of Aurora Healthcare and James was and still is the Secretary and Treasurer of Aurora Healthcare.  Except as expressly admitted herein, the allegations in paragraph 45 of the Complaint are denied.

46.    The allegations of paragraph 46 of the Complaint are purely argumentative and do not require a response.  To the extent that a response is required, the allegations in paragraph 46 are denied.

47.    Defendants admit that Plaintiff was not repaid on its loan. Defendants deny that Plaintiff "has no financial interest in AIT" since Plaintiff is a judgment creditor of AIT. Defendants deny that Plaintiff was left without legal recourse since it obtained a judgment. Except as expressly admitted herein, Defendants deny the allegations in paragraph 47.

48.    Defendants admit the allegations of paragraph 48 of the Complaint.

49.    Defendants admit that Plaintiff filed a civil action against AIT entitled *Castel v. Aurora*, case number 2:17-cv-04198-DMG-KS and that the content of the complaint in that action speaks for itself.  Except as expressly admitted herein, the allegations in paragraph 49 of the Complaint are denied.

50.     Defendants admit that Exhibit L is a copy of the Judgment in the *Castel v. Aurora* action which speaks for itself.  Except as expressly admitted herein, the allegations in paragraph 50 of the Complaint are denied.

51.     The allegations in paragraph 51 of the Complaint are argumentative and do not require a response. To the extent that a response is required, the allegations in paragraph 51 are denied.

52.     The allegations in paragraph 52 of the Complaint are argumentative and do not require a response. To the extent that a response is required, the allegations in paragraph 52 are denied.

53.     The allegations in paragraph 53 of the Complaint are argumentative and do not require a response. To the extent that a response is required, the allegations in paragraph 53 are denied.

54.     The allegations in paragraph 54 of the Complaint are argumentative and do not require a response. To the extent that a response is required, the allegations in paragraph 54 are denied.

55.     The allegations in paragraph 55 of the Complaint are argumentative and do not require a response. To the extent that a response is required, the allegations in paragraph 55 are denied.

56.     Defendants admit that Wilson acted as the interim CEO of AIT from mid-2015 to June 1, 2020 and that the sale of Pharos Notes to ARF Partners, and the sale of AIT's assets, took place during that time. Except as expressly admitted herein, the allegations in paragraph 56 of the Complaint are denied.

57.     Defendants lack sufficient information to admit or deny the allegations in paragraph 57 with respect to where Wilson operated, but believe that he has a residence and an office in the State of California.  Except as expressly admitted herein, the allegations in paragraph 57 of the Complaint are denied.

/ / /

/ / /

58.     Defendants admit that, for a period of time, Wilson was the sole officer and director of AIT.  Except as expressly admitted herein, the allegations in paragraph 58 of the Complaint are denied.

59.     Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 59 of the Complaint related to Wilson's stock ownership in AIT.

60.     Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 60 of the Complaint related to Wilson's family members' stock ownership in AIT.

61.     Defendants admit that Wilson, through his law firm, provided legal services to AIT as outside general counsel beginning in 2012 and that the firm received some compensation for the legal services rendered. Except as expressly admitted herein, the allegations in paragraph 61 of the Complaint are denied.

62.     Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 62 of the Complaint related to the judgment debtor examination and the testimony provided.

63.     The allegations in paragraph 63 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, Defendants lack sufficient information to admit or deny the allegations in paragraph 63 with respect to where Wilson operated, but believe that he resides and works in the State of California. Except as expressly admitted herein, the allegations in paragraph 63 of the Complaint are denied.

64.     The allegations in paragraph 64 of the Complaint are argumentative and do not require a response. To the extent that a response is required, Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 64 of the Complaint related to Wilson's knowledge of unspecified information.

/ / /

65.     The allegations in paragraph 65 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 65 of the Complaint related to Wilson's communications with Plaintiff.

66.     The allegations in paragraph 66 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 66 are denied.

67.     The allegations in paragraph 67 of the Complaint are argumentative and state legal conclusions and do not require a response.  To the extent that a response is required, Defendants admit that Wilson executed the Asset Purchase Agreement on behalf of AIT as its CEO. Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 67 of the Complaint related to Plaintiff's consent to the sale.  Except as expressly admitted herein, the allegations in paragraph 67 of the Complaint are denied.

68.     The allegations in paragraph 68 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 68 are denied.

69.     Defendants admit that Cheng was the CEO of AIT from July 1, 2003 to July 3, 2013.  Except as expressly admitted herein, the allegations in paragraph 69 of the Complaint are denied.

70.     Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 70 of the Complaint related to the July 2018 judgment debtor examination and the December 2017 deposition and the testimony provided.

71.     Defendants admit that, at one point, Cheng owned 185,814 shares of Series A preferred stock, 66,750 shares of Series B preferred stock and 264,697
/ / /

shares of Common Stock of AIT.  Except as expressly admitted herein, the allegations in paragraph 71 of the Complaint are denied.

72.     Defendants admit that Cheng is an owner and manager of ARF Partners, that ARF Partners is a Massachusetts LLC, and that ARF Partners and Pharos entered into the November 25, 2015 Stock and Note Purchase Agreement and Assignment of Amended and Restated Note Purchase, Guarantee and Security Agreement which speaks for itself.  Except as expressly admitted herein, the allegations in paragraph 72 of the Complaint are denied.

73.     The allegations in paragraph 73 of the Complaint are argumentative and do not require a response.  To the extent that a response is required, Defendants admit that Cheng was the Chairman of the Cayman Islands company at the time of the sale and executed an Asset Purchase Agreement in her capacity as Chairman of the Cayman Islands company.  Except as expressly admitted herein, the allegations in paragraph 73 of the Complaint are denied.

74.     Defendants admit that Cheng founded and is currently the President and Chairman of Aurora Healthcare and has held that position since November 4, 2016.  Defendants admit that Aurora Healthcare is currently operating.  Except as expressly admitted herein, the allegations in paragraph 74 of the Complaint are denied.

75.     The allegations in paragraph 75 of the Complaint are argumentative and do not require a response. To the extent that a response is required, the allegations in paragraph 75 of the Complaint are denied.

76.     The allegations in paragraph 76 of the Complaint are argumentative and state legal conclusions and do not require a response.  To the extent that a response is required, the allegations in paragraph 76 of the Complaint are denied.

77.     The allegations in paragraph 77 of the Complaint are argumentative and do not require a response. To the extent that a response is required, the allegations in paragraph 77 of the Complaint are denied.

78.     The allegations in paragraph 78 of the Complaint are argumentative and state legal conclusions and do not require a response.  To the extent that a response is required, the allegations in paragraph 78 of the Complaint are denied.

79.     The allegations in paragraph 79 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 79 of the Complaint are denied.

80.     Defendants admit that ARF Partners is a Massachusetts LLC, formed on September 1, 2015, with its principal place of business in North Andover, Massachusetts.  Defendants admit that the general character of ARF Partners' business is "investment."  Defendants admit that Cheng is a manager of ARF Partners.  Except as expressly admitted herein, the allegations in paragraph 80 of the Complaint are denied.

81.     Defendants admit that Exhibit E is a copy of the November 25, 2015 Stock and Note Purchase Agreement and Assignment of Amended and Restated Note Purchase, Guaranty and Security Agreement, between ARF Partners and the Pharos entities which speaks for itself.  Except as expressly admitted herein, the allegations in paragraph 81 of the Complaint are denied.

82.     Defendants admit that Exhibit G is a copy of the November 25, 2015 Novation Agreement executed by the Pharos entities, AIT, Central Mass and ARF Partners which speaks for itself.  Except as expressly admitted herein, the allegations in paragraph 82 of the Complaint are denied.

83.     The allegations in paragraph 83 of the Complaint are argumentative and state legal conclusions and do not require a response.  To the extent that a response is required, Defendants admit that ARF acquired Pharos' interest as a Series C and D shareholder.  Except as expressly admitted herein, the allegations in paragraph 83 of the Complaint are denied.

/ / /

/ / /

84.     The allegations in paragraph 84 of the Complaint are argumentative and state legal conclusions and do not require a response.  To the extent that a response is required, the allegations in paragraph 84 of the Complaint are denied.

85.     The allegations in paragraph 85 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 85 of the Complaint are denied.

86.     Defendants admit that James was a former CFO of AIT.  Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 86 of the Complaint related to the December 2017 deposition and the testimony provided. Except as expressly admitted herein, the allegations in paragraph 86 of the Complaint are denied.

87.     Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 87 of the Complaint related to James's role at AIT in July 2018, his signatory authority, the judgment debtor examination, and the testimony provided.

88.     Defendants admit that James is the Secretary and Treasurer of Aurora Healthcare.  Except as expressly admitted herein, the allegations in paragraph 88 of the Complaint are denied.

89.     The allegations in paragraph 89 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 89 of the Complaint are denied.

90.     Defendants admit that Devlin was on the board of directors of AIT from 2006-2015.  Except as expressly admitted herein, the allegations in paragraph 90 of the Complaint are denied.

91.     Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 91 of the Complaint related to Devlin's relationship with Pharos "at all relevant times" and while on the AIT Board.

/ / /

CHENG AND ARF PARTNERS ANSWER TO SECOND AMENDED COMPLAINT

92.   Defendants admit that Devlin was the CEO of AIT from mid-2014 until mid-2015.  Except as expressly admitted herein, the allegations in paragraph 92 of the Complaint are denied.

93.   The allegations in paragraph 93 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 93 of the Complaint are denied.

94.   Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 94 of the Complaint related to Devlin's relationship with Pharos.

95.   Defendants admit that Pharos Capital Partners II-A, L.P. invested and owned 2,196,970 of series C and 1,864,103 of series D stock, and Pharos Capital Partners II, L.P. invested and owned 2,853,535 of series C and 700,000 of series D stock in AIT.  Except as expressly admitted herein, the allegations in paragraph 95 of the Complaint are denied.

96.   Defendants admit that the breast MRI center ("bMRI-C") operated a breast cancer detection unit in a hospital in Taiwan.  Defendants admit that bMRI-C was a joint venture with a local medical center and was formed with investors, including AIT's subsidiary in Taiwan, Aurora Asia.  Except as expressly admitted herein, the allegations in paragraph 96 of the Complaint are denied.

97.   Defendants admit that both Cheng and Devlin invested in bMRI-C. Except as expressly admitted herein, the allegations in paragraph 97 of the Complaint are denied.

98.   Defendants admit that Cheng was aware of Devlin's investment in bMRI-C.  Except as expressly admitted herein, the allegations in paragraph 98 of the Complaint are denied.

99.   Defendants admit that Devlin negotiated a 2013 loan from Pharos, the terms of which speak for themselves.  Except as expressly admitted herein, the allegations in paragraph 99 of the Complaint are denied.

100.  Defendants admit that the AIT Board of Directors agreed to the 2013 loan from Pharos, the terms of which speak for themselves. With Board approval, Cheng agreed to the loan on behalf of AIT.  Except as expressly admitted herein, the allegations in paragraph 100 of the Complaint are denied.

101.  Defendants admit that Devlin negotiated a 2013 note purchase by Pharos, the terms of which speak for themselves.  Except as expressly admitted herein, the allegations in paragraph 101 of the Complaint are denied.

102.  Defendants admit that Devlin negotiated a 2013 note purchase by Pharos, the terms of which speak for themselves.  Except as expressly admitted herein, the allegations in paragraph 102 of the Complaint are denied.

103.  Defendants admit that Devlin negotiated a 2013 note purchase by Pharos, the terms of which speak for themselves.  Except as expressly admitted herein, the allegations in paragraph 103 of the Complaint are denied.

104.  Defendants admit that the SEC issued an order in Administrative Proceeding File No. 3-18604 which speaks for itself.  Except as expressly admitted herein, the allegations in paragraph 104 of the Complaint are denied.

105.  Defendants admit that the SEC issued an order in Administrative Proceeding File No. 3-18604 which speaks for itself.  Except as expressly admitted herein, the allegations in paragraph 105 of the Complaint are denied.

106.  The allegations in paragraph 106 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 106 of the Complaint are denied.

107.  Defendants repeat and incorporate each and every response contained above as if fully set forth herein.

108.  The allegations in paragraph 108 of the Complaint are argumentative and state legal conclusions and do not require a response.

109.  The allegations in paragraph 109 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a

response is required, Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 109 of the Complaint relating to communications between Wilson and Plaintiff.

110.   The allegations in paragraph 110 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, Defendants lack sufficient information to admit or deny and therefore deny the allegations in paragraph 110 of the Complaint relating to communications between Wilson and Plaintiff, and the allegations related to Defendants' actions and motivations are expressly denied.

111.   The allegations in paragraph 111 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 111 of the Complaint are denied.

112.   The allegations in paragraph 112 of the Complaint are argumentative and state legal conclusions and do not require a response.  To the extent that a response is required, Defendants admit that Wilson executed the Settlement Agreement and Release of Claims, Novation Agreement, Asset Purchase Agreement and Waiver, Acknowledgment and Agreement – Buyer Equity Conversion on behalf of AIT in his capacity as interim CEO. Except as expressly admitted herein, the allegations in paragraph 112 of the Complaint are denied.

113.   The allegations in paragraph 113 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 113 of the Complaint are denied.

114.   The allegations in paragraph 114 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 114 of the Complaint are denied.

115.   The allegations in paragraph 115 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 115 of the Complaint are denied.

116.    The allegations in paragraph 116 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 116 of the Complaint are denied.

117.    The allegations in paragraph 117 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 117 of the Complaint are denied.

118.    Defendants repeat and incorporate each and every response contained above as if fully set forth herein.

119.    The allegations in paragraph 119 of the Complaint are argumentative and state legal conclusions and do not require a response.  To the extent that a response is required, the allegations in paragraph 119 of the Complaint are denied.

120.    The allegations in paragraph 120 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, Defendants admit that Cheng was the CEO of AIT from July 1, 2003 to July 3, 2013. Except as expressly admitted herein, the allegations in paragraph 120 of the Complaint are denied.

121.    The allegations in paragraph 121 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 121 of the Complaint are denied.

122.    The allegations in paragraph 122 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 122 of the Complaint are denied.

123.    The allegations in paragraph 123 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 123 of the Complaint are denied.

124.    The allegations in paragraph 124 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 124 of the Complaint are denied.

CHENG AND ARF PARTNERS ANSWER TO SECOND AMENDED COMPLAINT

125.   The allegations in paragraph 125 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 125 of the Complaint are denied.

126.   The allegations in paragraph 126 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 126 of the Complaint are denied.

127.   The allegations in paragraph 127 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 127 of the Complaint are denied.

128.   The allegations in paragraph 128 of the Complaint are argumentative and state legal conclusions and do not require a response.  To the extent that a response is required, the allegations in paragraph 128 of the Complaint are denied.

129.   The allegations in paragraph 129 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 129 of the Complaint are denied.

130.   The allegations in paragraph 130 of the Complaint are argumentative and state legal conclusions and do not require a response.  To the extent that a response is required, the allegations in paragraph 130 of the Complaint are denied.

131.   Defendants repeat and incorporate each and every response contained above as if fully set forth herein.

132.   The allegations in paragraph 132 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 132 of the Complaint are denied.

133.   The allegations in paragraph 133 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 133 of the Complaint are denied.

/ / /

/ / /

134.   The allegations in paragraph 134 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 134 of the Complaint are denied.

135.   The allegations in paragraph 135 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 135 of the Complaint are denied.

136.   The allegations in paragraph 136 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 136 of the Complaint are denied.

137.   The allegations in paragraph 137 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 137 of the Complaint are denied.

138.   The allegations in paragraph 138 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 138 of the Complaint are denied.

139.   The allegations in paragraph 139 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 139 of the Complaint are denied.

140.   The allegations in paragraph 140 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 140 of the Complaint are denied.

141.   The allegations in paragraph 141 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 141 of the Complaint are denied.

142.   Defendants repeat and incorporate each and every response contained above as if fully set forth herein.

/ / /

/ / /

CHENG AND ARF PARTNERS ANSWER TO SECOND AMENDED COMPLAINT

143.   The allegations in paragraph 143 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, Defendants admit that Wilson acted as interim CEO of AIT. Except as expressly admitted herein, the allegations in paragraph 143 of the Complaint are denied.

144.   Defendants admit that Wilson is a member of the California State Bar. Defendants admit that, from time to time, Wilson's law firm represented AIT as its outside counsel. Defendants admit that Wilson acted as a director and interim CEO for AIT. Except as expressly admitted herein, the allegations in paragraph 144 of the Complaint are denied.

145.   The allegations in paragraph 145 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 145 of the Complaint are denied.

146.   The allegations in paragraph 146 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 146 of the Complaint are denied.

147.   The allegations in paragraph 147 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 147 of the Complaint are denied.

148.   The allegations in paragraph 148 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 148 of the Complaint are denied.

149.   Defendants repeat and incorporate each and every response contained above as if fully set forth herein.

150.   The allegations in paragraph 150 of the Complaint are argumentative and state legal conclusions and do not require a response.  To the extent that a response is required, Defendants admit that Devlin was on the board of directors of AIT from 2006-2015 and was the CEO of AIT from mid-2014 until mid-2015.

Except as expressly admitted herein, the allegations in paragraph 150 of the Complaint are denied.

151.   The allegations in paragraph 151 of the Complaint, including its subparagraphs, are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 151 of the Complaint, including its subparagraphs, are denied.

152.   The allegations in paragraph 152 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 152 of the Complaint are denied.

153.   The allegations in paragraph 153 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 153 of the Complaint are denied.

154.   The allegations in paragraph 154 of the Complaint are argumentative and state legal conclusions and do not require a response.  To the extent that a response is required, Defendants admit the SEC issued an order in Administrative Proceeding File No. 3-18604 which speaks for itself.  Except as expressly admitted herein, the allegations in paragraph 154 of the Complaint are denied.

155.   The allegations in paragraph 155 of the Complaint are argumentative and state legal conclusions and do not require a response.

156.   The allegations in paragraph 156 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 156 of the Complaint are denied.

157.   The allegations in paragraph 157 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 157 of the Complaint are denied.

158.   Defendants repeat and incorporate each and every response contained above as if fully set forth herein.

///

159.   The allegations in paragraph 159 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 159 of the Complaint are denied.

160.   The allegations in paragraph 160 of the Complaint, including all subparagraphs, are argumentative and state legal conclusions and do not require a response.  To the extent that a response is required, the allegations in paragraph 160 of the Complaint, including all subparagraphs, are denied.

161.   The allegations in paragraph 161 of the Complaint, including all subparagraphs, are argumentative and state legal conclusions and do not require a response.  To the extent that a response is required, the allegations in paragraph 161 of the Complaint, including all subparagraphs, are denied.

162.   The allegations in paragraph 162 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 162 of the Complaint are denied.

163.   The allegations in paragraph 163 of the Complaint are argumentative and state legal conclusions and do not require a response.  To the extent that a response is required, Defendants admit the SEC issued an order in Administrative Proceeding File No. 3-18604 which speaks for itself.  Except as expressly admitted herein, the allegations in paragraph 163 of the Complaint are denied.

164.   The allegations in paragraph 164 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 164 of the Complaint are denied.

165.   The allegations in paragraph 165 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 165 of the Complaint are denied.

166.   The allegations in paragraph 166 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 166 of the Complaint are denied.

167.   Defendants repeat and incorporate each and every response contained above as if fully set forth herein.

168.   The allegations in paragraph 168 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, Defendants admit that Exhibit D is a copy of an executed Series C Stockholder Agreement dated June 2006 which speaks for itself. Defendants admit that a similar one was executed for Series D stock.  Except as expressly admitted herein, the allegations in paragraph 168 of the Complaint are denied.

169.   The allegations in paragraph 169 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, Defendants admit that Exhibit G is a copy of the November 25, 2015 Novation Agreement executed by the Pharos entities, AIT, Central Mass and ARF Partners which speaks for itself.  Except as expressly admitted herein, the allegations in paragraph 169 of the Complaint are denied.

170.   The allegations in paragraph 170 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, Defendants admit that Exhibit D is a copy of an executed Series C Stockholder Agreement dated June 2006 which speaks for itself.  Except as expressly admitted herein, the allegations in paragraph 170 of the Complaint are denied.

171.   The allegations in paragraph 171 of the Complaint are argumentative and state legal conclusions and do not require a response.  To the extent that a response is required, Defendants admit that Exhibit D is a copy of an executed Series C Stockholder Agreement dated June 2006 which speaks for itself. Defendants admit that a similar one was executed for Series D stock.  Except as expressly admitted herein, the allegations in paragraph 171 of the Complaint are denied.

172.   The allegations in paragraph 172 of the Complaint are argumentative and state legal conclusions and do not require a response.  To the extent that a response is required, Defendants admit that Exhibit D is a copy of an executed Series C Stockholder Agreement dated June 2006 which speaks for itself. Defendants admit that a similar one was executed for Series D stock.  Except as expressly admitted herein, the allegations in paragraph 172 of the Complaint are denied.

173.   The allegations in paragraph 173 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 173 of the Complaint are denied.

174.   The allegations in paragraph 174 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 174 of the Complaint are denied.

175.   The allegations in paragraph 175 of the Complaint are argumentative and state legal conclusions and do not require a response. To the extent that a response is required, the allegations in paragraph 175 of the Complaint are denied.

## PRAYER

To the extent any response is required to Plaintiff's Prayer, Defendants deny each and every allegation contained in the Prayer and deny that Plaintiff should have any recovery against them, including any and all forms of recovery described in the Prayer.

## AFFIRMATIVE DEFENSES

## FIRSTAFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.   The Complaint and each claim contained therein fails to state facts sufficient to constitute a claim against Defendants.

/ / /

/ / /

## SECOND AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

2.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE

### (Plaintiff's Conduct)

3.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any be found, were caused by Plaintiff's own actions or failure to act.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

5.      Plaintiff's claims are barred because Plaintiff has not suffered any damages as a result of any action taken by Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (No Causation)

6.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any be found, were not caused or contributed to by Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

7.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any be found, were proximately caused or increased by its own actions or failure to act and any judgment sustained herein against Defendants must be reduced by the percentage and degree of fault by which Plaintiff's failure to mitigate contributed to any damage allegedly suffered by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Justification/Privilege)

8.     Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was privileged, justified, lawful and reasonable under the circumstances.

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith/Business Judgment/Entire Fairness)

9.     Plaintiff's claims are barred, in whole or in part, because Defendants' conduct with respect to the transaction alleged in the Complaint was undertaken in good faith, in a manner believed to be in the best interest of the corporation and its shareholders, and demonstrated sound business judgment.  To the extent that the entire fairness doctrine applies, the subject transactions were equally fair to all shareholders.

## TENTH AFFIRMATIVE DEFENSE

### (Limitation of Liability)

10.     Plaintiff's claims are barred, in whole or in part, because Defendants' liability is limited by the terms of the operative Certificate of Incorporation of AIT

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

11.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

12.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Case or Controversy)

13.     Plaintiff's claims are barred, in whole or in part, because there is no justiciable case or controversy as required by federal law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

14.    Defendants reserve the right to assert additional affirmative defenses based on information learned or obtained during discovery.

## PRAYER

**WHEREFORE,** Defendants pray for judgment on the Complaint as follows:

1.    That Plaintiff takes nothing by way of its Complaint, and that Judgment be entered in favor of Defendants;

2.    For costs of suit incurred herein, including reasonable attorney's fees as permitted by law; and

3.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial in the above-captioned matter.


DATED:  March 1, 2021                    JULANDER, BROWN & BOLLARD


                                    By:   _/s/ Dirk O. Julander_____
                                          Dirk O. Julander
                                          Attorney for Defendants
                                          OLIVIA HO CHENG AND ARF
                                          PARTNERS, LLC

CHENG AND ARF PARTNERS ANSWER TO SECOND AMENDED COMPLAINT

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on this 1st day of March, 2021, a true and correct copy

3  of **DEFENDANTS OLIVIA HO CHENG AND ARF PARTNERS, LLC'S**

4  **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND**

5  **AMENDED COMPLAINT** was served via the United States District Court

6  CM/ECF system on all parties or persons requiring notice.

7

8                                    By  _/s/ Rachelle Arellano_

9                                          Rachelle Arellano, an Employee of
                                           JULANDER, BROWN & BOLLARD
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHENG AND ARF PARTNERS ANSWER TO SECOND AMENDED COMPLAINT