Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CASTEL S.A., a Luxembourg joint stock company *(societe anonyme)*

Plaintiff,

vs.

CHRISTOPHER A. WILSON, an individual; OLIVIA HO CHENG, an individual; ARF PARTNERS, LLC, a Massachusetts limited liability company; STEVEN J. JAMES, an individual; MICHAEL DEVLIN, an individual.

Defendants.

Case No.: 2:19-cv-09336-ODW-PVC

**PLAINTIFF CASTEL S.A.'s PROPOSED VERDICT FORM**

Courtroom: 5D, 5th Floor
Judge: Hon. Otis D. Wright II
Trial Date: November 16, 2021

## **RETURN OF VERDICT**

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

Authority:

Instruction 3.5, Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Prepared by the Ninth Circuit Jury Instructions Committee, 2017 Edition, Last Updated 6/2021

-1-

**CASE-SPECIFIC INSTRUCTIONS**

In 2006 and 2008, Plaintiff Castel S.A. invested in Aurora Imaging Technology, Inc. ("AIT"), a company specializing in advanced breast imaging technologies for purposes of diagnosing and treating breast cancer.

Defendant Olivia Cheng was a founder and was the CEO of AIT until 2013. Defendant Steven James was the Chief Financial Officer ("CFO") of AIT from April 1999 to June 25, 2014.    Defendant Michael Devlin acted as a Director of AIT until 2013 and as CEO of AIT from 2013 to June 2015.  Defendant Christopher Wilson later became the CEO of AIT in June 2015 after all other officers and directors resigned.    Defendant ARF Partners, LLC became a shareholder of Series C and Series D shares, along with Castel, in AIT in November 2015 and the largest secured creditor of AIT.

In November 2016, certain assets of AIT were sold to another company titled Aurora Healthcare US Corp. Plaintiff Castel alleges that it lost its entire investment and loans in AIT when it was sold to Aurora Healthcare US Corp.  Plaintiff Castel alleges claims for fraud against Defendants Cheng, Wilson and James.  Plaintiff Castel further claims that Defendant Wilson, breached his fiduciary duties as AIT's CEO at the time of the sale.  Finally, Plaintiff also alleges a claim for breach of contract against ARF Partners for failing to consult with Castel regarding the sale of certain assets of AIT to Aurora Healthcare US Corp.

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

Defendants deny any wrongdoing, deny that Plaintiff was harmed as a result of the sale of AIT's assets, and assert that Defendant Wilson acted in the best interest of the corporation and its creditors. Additionally, Defendant James asserts that he did not owe any duties to AIT (or any of its investors or shareholders) at the time of the 2016 transaction because Defendant James had previously resigned as AIT's Chief Financial Officer on June 25, 2014.

Plaintiff Castel also alleges claims against Defendant Devlin for breach of fiduciary duties and allegedly conspiring with Defendant Cheng for acts taken in 2013 while Defendant Cheng was CEO and Defendant Devlin was a director of AIT.  Defendant Cheng denies these allegations, denies that Plaintiff was harmed, and asserts that she acted in the best interest of the corporation.

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

**STIPULATIONS OF FACT**

The parties have agreed, or stipulated, to certain facts that will be read to you. You must therefore treat these facts as having been proved. The agreed-upon facts include:

1) Aurora Imaging Technology, Inc. ("AIT") was formed as a Delaware Corporation in 1999.

2) AIT developed, manufactured, and sold an FDA-approved MRI system designed for 3-D bilateral breast imaging.

3) AIT is a Delaware corporation that specializes in advanced breast imaging relating to the prevention, diagnosis, and treatment of breast cancer, and has the authority to issue 50,000,000 shares of common stock and 35,000,000 shares of preferred stock, in several series. The types of stock AIT issued included Common, Preferred A, Preferred B, Preferred C, and Preferred D Stock.

4) On or about June 19, 2006, Castel invested in AIT and purchased 1,010,101 shares of AIT's Series C preferred stock in accordance with the Series C Preferred Stock Purchase Agreement between Castel and AIT.

5) On or about July 15, 2008, Castel again invested in AIT and purchased 512,821 shares of AIT's Series D preferred stock in accordance with a contract titled "Series D Preferred Stock Purchase Agreement."

6) Castel owned 16.7% of Series C and 16.7% of Series D stock, or almost 4% overall of AIT.

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

7)  On or about March 14, 2011, AIT signed a Secured Promissory Note issued by Castel, bearing terms and conditions that were agreed to by both Castel and AIT, whereby Castel lent AIT $250,000.

8)  Pharos Capital Partners 11-A L.P. and Pharos Capital Partners II, L.P. (collectively "Pharos") owned 5,050,505 shares of series C stock (purchased in May of 2006) and 2,564,103 of series D stock (purchased in July of 2008), which cumulatively amounted to 83.3% of preferred series C and 83.3% of preferred series D stock. Also, Pharos separately lent AIT $3,300,000 pursuant to a number of Secured Promissory Notes (collectively and cumulatively referred to as the "Pharos Notes and Investments").

9)  Pharos also held senior secured promissory notes of AIT in the principal amount of $3.3 million.

10)     Under the terms of the June 2006 AIT Stockholder Agreement between Pharos and Castel, neither AIT nor Pharos could take any action to amend, modify, waive or repeal specified provisions of the Certificate of Incorporation to adversely affect the financial benefits accruing to the holders of Series C Stock without Castel's written consent. For all other matters requiring the approval of the Series C shareholders, Pharos was required to "make reasonable efforts to consult with [Castel] before approving such a matter."

11)     Pursuant to the Series C Shareholder's Agreement, Castel was entitled to designate an observer to attend meetings of the AIT Board of Directors.

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

12)     Beginning in 2010, with the approval of AIT's Board of Directors, the company entered into negotiations for the sale of AIT to China Resources Corporation ("CRC"), a Chinese state-owned company interested in merging with AIT or purchasing the company for approximately $100 million.

13)     The negotiations with CRC lasted approximately two years.

14)     In 2012, CRC advised AIT that it elected to terminate the Merger Agreement.

15)     With the money ARF raised in 2015, on November 25, 2015, ARF purchased Pharos' debt and equity interest in AIT for $425,000.

16)     In connection with ARF's purchase of Pharos' interest, Pharos assigned all of its security interests in AIT's assets to ARF.

17)     On or about November 25, 2015, Pharos, AIT, and ARF entered into a Novation Agreement, to novate the Stock and Purchase Agreement.

18)     Defendant Olivia Ho Cheng ("Cheng") was the President and CEO of AIT from 2003 until her resignation in July 2013.

19)     Together with her husband Ken, Cheng, as an individual, also owned 264,697 shares of Common stock, 185,814 shares of Series A Preferred stock and 66,750 shares of Series B Preferred stock in AIT.

20)     Cheng was the managing member of ARF.

21)     Cheng is the CEO of Aurora Healthcare US Corp. ("AHC").

22)     Cheng was the President and CEO of AIT from 2002 to July 2013.

23)     Cheng is a minority owner and managing member of Defendant ARF Partners, a Massachusetts limited liability company.

24)     Defendant Steven J. James ("James") was AIT's Executive Vice President and Chief Financial Officer (as well as the Secretary and Treasurer) from on or about April 1999 until his resignation from all officer and director positions within AIT on June 25, 2014.

25)     Defendant James was the CFO of AIT from its formation until his resignation on June 25, 2014.

26)     In 2012, Wilson became a shareholder of AIT when his father-in-law, Rondell B. Hanson, gifted Wilson 17,811 shares of common stock, 13,122 shares Series A preferred stock and 625 shares Series B preferred stock.

27)     Shortly after Olivia Cheng's resignation, Michael Devlin became the President and CEO of AIT and another Pharos representative, Anna Kovalkova, became the corporate Secretary and Treasurer.

28)     In or about June 2015, AIT's executive officers and all other members of the Board of Directors resigned.

29)     Prior to their resignation, the AIT Board of Directors voted to appoint Wilson as the interim President and CEO.

30)     On August 31, 2015, Cheng spoke to Mattia Malacalza, Davide Malacalza and Marco Caneva.

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

VERDICT FORM
*Castel S.A. v. Christopher A. Wilson et al.* (2:19-cv-09336-ODW-PVC)

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

31)      Wilson informed Castel that Castel would only receive a monetary settlement of about 40% of the value of its notes and a loss on its entire investment in AIT.

32)      The Orchard Partners appraisal report, Dated November 16, 2016. determined indicates that the fair market value of the assets to be purchased was between $6,181,000 and $9,652,000.

33)      ARF consented to the sale of AIT's assets to Aurora Healthcare SPC.

34)      On October 31, 2016, Wilson and Cheng executed an Asset Purchase Agreement for the sale and transfer of assets and liabilities of AIT to Aurora Healthcare SPC in exchange for $8,500,000.

35)      After the signing of Aurora Healthcare SPC Asset Purchase Agreement, Defendants executed another asset purchase agreement for the sale of AIT's assets to Aurora Healthcare US Corp.

36)      At the closing on the asset purchase, AHC paid $2,800,000 in cash to AIT, also paid $500,000 to third party AIT creditors on AIT's behalf.

37)      Wilson used the cash from the asset purchase to pay AIT's creditors who signed settlement agreements agreeing to release the company.

38)      Aurora Healthcare US Corp. was formed on November 4, 2016.

39)      At the time of the transfer of the assets from AIT to Aurora Healthcare US Corp. in 2016, Cheng was the CEO and James was the CFO of Aurora Healthcare US Corp.

40) Wilson was CEO of AIT from 2015 until his resignation in June, 2020.

41) Wilson operated AIT from the State of California during his tenure as CEO.

42) Wilson was the sole officer and director of AIT while he was acting CEO of AIT.

43) AIT was insolvent during the time periods consisting of the alleged fraudulent transactions.

44) On June 6, 2017, Castel filed a civil action against AIT entitled *Castel S.A. v. Aurora Imaging Technology, Inc.*, Central District of California Civil Case No. CV 17-4198-DMG-KS (the "AIT Action").

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

**SECTION 1: ASSIGNMENT**

QUESTION NO. 1:

Did Plaintiff prove that obligations pursuant to the Series C Stockholder Agreement were assigned to Defendant ARF Partners?

Instruction: Plaintiff must prove that Pharos intended to transfer its contract rights and obligations to ARF Partners or that in gaining a benefit from the acquisition of Series C and Series D shares, ARF Partners also acquired the rights and obligations of that benefit, including those obligations listed in the contract. In deciding Pharos's intent, you should consider the entire transaction and the conduct of the parties to the assignment. If you find that Plaintiff has met its burden, answer "Yes." If not, answer "No."

ANSWER: _____

*Instruction:* Proceed to the next section.

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

1

2

## SECTION 2: BREACH OF CONTRACT AS TO DEFENDANT ARF PARTNERS, LLC

3 QUESTION NO. 2:

4     Was ARF Parnters, LLC bound by the Series C Stockholders agreement?

5     ANSWER: _____

6 *Instruction: If your answer to Question 2 is "yes," then please answer Question 3.*

7 *If your answer to Question 2 is "no" then please proceed to the next section.*

8

9 QUESTION NO. 3:

10     Did Defendant ARF Partners, LLC breach an obligation imposed by the

11 agreement by failing to notify or consult with Plaintiff regarding the sale of AIT's

12 assets?

13     ANSWER: _____

14 *Instruction: If your answer to Question 3 is "yes," then please answer Question 4.*

15 *If your answer to Question 3 is "no" then please proceed to the next section.*

16

17 QUESTION NO. 4:

18     Was Plaintiff harmed as a result of Defendant ARF Partners, LLC's breach

19 of an obligation imposed by the agreement?

20     ANSWER: _____

21

VERDICT FORM
*Castel S.A. v. Christopher A. Wilson et al.* (2:19-cv-09336-ODW-PVC)

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

*Instruction:* If your answer to Question 4 is "yes," then please answer Question 5. If your answer to Question 4 is "no" then please proceed to the next section.

QUESTION NO. 5:

Was Defendant ARF Partners, LLC's breach of its obligation(s) a substantial factor in causing Plaintiff's harm?

ANSWER: _____

*Instruction:* If your answer to Question 5 is $0.00, then stop here, and proceed to the next section.

QUESTION NO. 6:

Was Plaintiff harmed as a result of Defendant ARF Partners, LLC's breach?

ANSWER: _____

*Instruction:* If your answer to Question 6 is "yes," then please proceed to Question 7. If your answer to Question 6 is "no" then please proceed to Question 10 at the end of this section.

QUESTION NO. 7:

What are Plaintiff's damages caused by Defendant ARF Partners, LLC's breach of its obligation(s) that was required by the agreement?

ANSWER: $_____

*Instruction:* If your answer to Question 7 is $0.00, then stop here, answer no further questions in this section, and proceed to the next section. Otherwise, please answer Question 8.

QUESTION NO. 8:

By what amount should the amount stated as total damages in response to the preceding question (Question 7) be reduced because Plaintiff could have avoided the damages through reasonable efforts or expenditures?

ANSWER: $_____

*Instruction:* Please answer Question 9.

QUESTION NO. 9:

Please subtract the amount stated in response to Question 8 from total amount of damages stated in response to Question 7.

ANSWER: $_____

*Instruction:* Please proceed to the next section.

//

//

//

//

//

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

-13-
VERDICT FORM
*Castel S.A. v. Christopher A. Wilson et al.* (2:19-cv-09336-ODW-PVC)

QUESTION NO. 10:

Did Defendant ARF Partners, LLC breach the contract, but Plaintiff was not harmed by the breach? If yes, you are required to award nominal damages up to $1.00, please provide the amount in your Answer to this question.

Yes _____ No _____

If yes, $ _____

*Instruction:* *Please proceed to the next section.*

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

**SECTION 3: CONCEALMENT**

QUESTION NO. 11:

      Did any of the following Defendants owe a duty of disclosure to Plaintiff?

Christopher A. Wilson    Yes ___ No ___

Olivia Ho Cheng    Yes ___ No ___

Steven J. James    Yes ___ No ___

ARF Partners, LLC    Yes ___ No ___

*Instruction: If your answer to Question 11 is "yes" as to any Defendant, then please answer Question 12. If your answer to Question 11 is "no" as to all Defendants, then please answer no further questions in this section and proceed to the next section.*

QUESTION NO. 12:

      Did any of the following Defendants intentionally fail to disclose certain facts to Plaintiff, disclosed certain facts and failed to disclose others, or failed to disclose certain facts that were known only to him/her/it and that Plaintiff could not have discovered?

Christopher A. Wilson    Yes ___ No ___

Olivia Ho Cheng    Yes ___ No ___

Steven J. James    Yes ___ No ___

ARF Partners, LLC    Yes ___ No ___

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

*Instruction:* If your answer to Question 12 is "yes" as to any Defendant, then please answer Question 13. If your answer to Question 12 is "no" as to all Defendants, then please answer no further questions in this section and proceed to the next section.

QUESTION NO. 13:

 Were any of the facts concealed by Defendants material?

 ANSWER: _____

*Instruction:* If your answer to Question 13 is "yes," then please answer Question 14. If your answer to Question 13 is "no," then please answer no further questions in this section and proceed to the next section.

QUESTION NO. 14:

 Did Plaintiff know or should have known any of the concealed facts?

 ANSWER: _____

*Instruction:* If your answer to Question 14 is "no," then please answer Question 15. If your answer to Question 14 is "yes," then please answer no further questions in this section and proceed to the next section.

//

//

//

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

QUESTION NO. 15:

Did any of the following Defendants intend to deceive Plaintiff by concealing facts?

Christopher A. Wilson     Yes ___ No ___

Olivia Ho Cheng          Yes ___ No ___

Steven J. James          Yes ___ No ___

ARF Partners, LLC        Yes ___ No ___

*Instruction: If your answer to Question 15 is "yes" as to any Defendant, then please answer Question 16. If your answer to Question 15 is "no" as to all Defendants, then please answer no further questions in this section and proceed to the next section.*

QUESTION NO. 16:

If Defendants had disclosed the omitted information, do you believe Plaintiff reasonably would have behaved differently?

ANSWER: _____

*Instruction: If your answer to Question 16 is "yes," then please answer Question 17. If your answer to Question 16 is "no," then please answer no further questions in this section and proceed to the next section.*

//

//

-17-
VERDICT FORM
*Castel S.A. v. Christopher A. Wilson et al.* (2:19-cv-09336-ODW-PVC)

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

QUESTION NO. 17:

Was Plaintiff harmed as a result of Defendants concealment of information?

ANSWER: _____

*Instruction: If your answer to Question 17 is "yes," then please answer Question 18. If your answer to Question 17 is "no," then please answer no further questions in this section and proceed to the next section.*

QUESTION NO. 18:

Was any of the following Defendants' concealment a substantial factor in causing Plaintiff's harm?

Christopher A. Wilson     Yes ___ No ___

Olivia Ho Cheng           Yes ___ No ___

Steven J. James           Yes ___ No ___

ARF Partners, LLC         Yes ___ No ___

*Instruction: If your answer to Question 18 is "yes" as to any Defendant, then please answer Question 19. If your answer to Question 18 is "no" as to all Defendants, then please answer no further questions in this section and proceed to the next section.*

//

//

//

VERDICT FORM
*Castel S.A. v. Christopher A. Wilson et al.* (2:19-cv-09336-ODW-PVC)

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

QUESTION NO. 19:

What are Plaintiff's damages caused by Defendants' concealment of material facts?

ANSWER: $_____

*Instruction:* *If your answer to Question 19 is $0.00, then stop here, answer no further questions in this section, and proceed to the next section. Otherwise, please answer Question 20.*

QUESTION NO. 20:

By what amount should the amount stated as total damages in response to the preceding question (Question 19) be reduced because Plaintiff could have avoided the damages through reasonable efforts or expenditures?

ANSWER: $_____

*Instruction:* *Please answer Question 21.*

QUESTION NO. 21:

Please subtract the amount stated in response to Question 20 from total amount of damages stated in response to Question 19.

ANSWER: $_____

*Instruction:* *Please answer Question 22.*

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

QUESTION NO. 22:

If you stated any amount of damages in response to Question 19 above, please identify the portion of the total amount that was caused by each Defendant:

Christopher A. Wilson    $_____

Olivia Ho Cheng          $_____

Steven J. James          $_____

ARF Partners, LLC        $_____

*Instruction:* Please answer Question 23.

QUESTION NO. 23:

If you believe Plaintiff should be awarded punitive damages as a result of the harm is suffered at the hands of Defendants, please identify what amount, if any, you award Plaintiff punitive damages from each of the following Defendants:

Christopher A. Wilson    $_____

Olivia Ho Cheng          $_____

Steven J. James          $_____

ARF Partners, LLC        $_____

VERDICT FORM
*Castel S.A. v. Christopher A. Wilson et al.* (2:19-cv-09336-ODW-PVC)

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

**SECTION 4: BREACH OF FIDUCIARY DUTIES – BREACH OF DUTY OF CARE (PURSUANT TO DELAWARE LAW)**

QUESTION NO. 24:

Was Defendant Christopher A. Wilson AIT's Chief Executive Officer and, as such, owed a duty to use reasonable care?

ANSWER: _____

*Instruction: If your answer to Question 24 is "yes," then please answer Question 25. If your answer to Question 24 is "no," then please answer no further questions in this section and proceed to the next section.*

QUESTION NO. 25:

Did Defendant Christopher A. Wilson act or was obligated to act fairly and transparently on behalf of AIT and its shareholders for purposes of the transaction to sell AIT's assets?

ANSWER: _____

*Instruction: If your answer to Question 25 is "yes," then please answer Question 26. If your answer to Question 25 is "no," then please answer no further questions in this section and proceed to the next section.*

*//*

*//*

*//*

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

QUESTION NO. 26:

Did Defendant Christopher A. Wilson fail to act as a reasonably careful Chief Executive Officer would have acted under the same or similar circumstances?

ANSWER: _____

*Instruction:* If your answer to Question 26 is "yes," then please answer Question 27. If your answer to Question 26 is "no," then please answer no further questions in this section and proceed to the next section.

QUESTION NO. 27:

Was Plaintiff harmed as a result of Defendant Christopher A. Wilson's breach of his duty of care?

ANSWER: _____

*Instruction:* If your answer to Question 27 is "yes," then please answer Question 28. If your answer to Question 27 is "no," then please answer no further questions in this section and proceed to the next section.

QUESTION NO. 28:

Was Defendant Christopher A. Wilson's conduct a substantial factor in causing Plaintiff's harm?

ANSWER: _____

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

*Instruction:* If your answer to Question 28 is "yes," then please answer Question 29. If your answer to Question 28 is "no," then please answer no further questions in this section and proceed to the next section.

QUESTION NO. 29:

What are Plaintiff's damages caused by Defendant Christopher A. Wilson's breach of his duty of care?

ANSWER: $_____

*Instruction:* If your answer to Question 29 is $0.00, then stop here, answer no further questions in this section, and proceed to the next section. Otherwise, please answer Question 30.

QUESTION NO. 30:

By what amount should the amount stated as total damages in response to the preceding question (Question 29) be reduced because Plaintiff could have avoided the damages through reasonable efforts or expenditures?

ANSWER: $_____

*Instruction:* Please answer Question 31.

//

//

//

QUESTION NO. 31:

Please subtract the amount stated in response to Question 29 from total amount of damages stated in response to Question 28.

ANSWER: $_____

VERDICT FORM
*Castel S.A. v. Christopher A. Wilson et al.* (2:19-cv-09336-ODW-PVC)

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

**SECTION 5: BREACH OF FIDUCIARY DUTIES – BREACH OF DUTY OF LOYALTY (PURSUANT TO DELAWARE LAW)**

QUESTION NO. 32:

Did Defendant Christopher A. Wilson, as AIT's Chief Executive Officer, owe a fiduciary duty of loyalty to Plaintiff, as a shareholder of AIT?

ANSWER: _____

*Instruction: If your answer to Question 32 is "yes," then please answer Question 33. If your answer to Question 32 is "no," then please answer no further questions in this section and proceed to the next section.*

QUESTION NO. 33:

Did Defendant Christopher A. Wilson either:

(a) Knowingly act against Plaintiff's interests, as a shareholder, in connection with the sale of AIT's assets; or

(b) Act on behalf of a party whose interests were adverse to Plaintiff's, as a shareholder, in connection with the sale of AIT's assets?

ANSWER: _____

*Instruction: If your answer to Question 33 is "yes," then please answer Question 34. If your answer to Question 33 is "no," then please answer no further questions in this section and proceed to the next section.*

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

QUESTION NO. 34:

Castel did not consent to Wilson's conduct, correct?

ANSWER: _____

*Instruction:* If your answer to Question 34 is "yes," then please answer Question 35. If your answer to Question 34 is "no," then please answer no further questions in this section and proceed to the next section.

QUESTION NO. 35:

Was Plaintiff harmed as a result of Defendant Christopher A. Wilson's breach of his duty of loyalty?

ANSWER: _____

*Instruction:* If your answer to Question 35 is "yes," then please answer Question 36. If your answer to Question 35 is "no," then please answer no further questions in this section and proceed to the next section.

QUESTION NO. 36:

Was Defendant Christopher A. Wilson's conduct a substantial factor in causing Plaintiff's harm?

ANSWER: _____

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

1  *Instruction:* If your answer to Question 36 is "yes," then please answer Question

2  37. If your answer to Question 36 is "no," then please answer no further

3  questions in this section and proceed to the next section.

4

5  QUESTION NO. 37:

6        What are Plaintiff's damages caused by Defendant Christopher A. Wilson's

7  breach of his duty of loyalty?

8        ANSWER: $_____

9  *Instruction:* If your answer to Question 37 is $0.00, then stop here, answer no

10  further questions in this section, and proceed to the next section. Otherwise,

11  please answer Question 38.

12

13  QUESTION NO. 38:

14        By what amount should the amount stated as total damages in response to

15  the preceding question (Question 37) be reduced because Plaintiff could have

16  avoided the damages through reasonable efforts or expenditures?

17        ANSWER: $_____

18  *Instruction:* Please answer Question 39.

19  //

20  //

21  //

1   QUESTION NO. 39:

2       Please subtract the amount stated in response to Question 38 from total

3   amount of damages stated in response to Question 37.

4       ANSWER: $_____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

VERDICT FORM
*Castel S.A. v. Christopher A. Wilson et al.* (2:19-cv-09336-ODW-PVC)

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

# SECTION 6: CONSPIRACY

QUESTION NO. 40:

Did Defendant Olivia Ho Cheng and Defendant Michael Devlin enter into an agreement to commit fraudulent deceit and concealment?

ANSWER: _____

*Instruction:* If your answer to Question 40 is "yes," then please answer Question 41. If your answer to Question 40 is "no," then please answer no further questions in this section and proceed to the next section.

QUESTION NO. 41:

Did Defendants engage in a wrongful act done in furtherance of the conspiracy?

ANSWER: _____

*Instruction:* If your answer to Question 41 is "yes," then please answer Question 42. If your answer to Question 41 is "no," then please answer no further questions in this section and proceed to the next section.

QUESTION NO. 42:

Was Defendant Olivia Ho Cheng aware that Defendant Michael Devlin made a personal investment in AIT's Taiwanese subsidiary and intended not to disclose his investment or its repayment to Plaintiff?

ANSWER: _____

*Instruction:* *If your answer to Question 42 is "yes," then please answer Question 43. If your answer to Question 42 is "no," then please answer no further questions in this section and proceed to the next section.*

QUESTION NO. 43:

Did Defendant Olivia Ho Cheng agree with Defendant Michael Devlin and intend that his personal investment, and its repayment, not be disclosed to Plaintiff?

ANSWER: _____

*Instruction:* *If your answer to Question 43 is "yes," then please answer Question 44. If your answer to Question 43 is "no," then please answer no further questions in this section and proceed to the next section.*

QUESTION NO. 44:

Did Plaintiff suffer economic loss as a result of Defendants' conspiracy to commit fraudulent deceit and concealment?

ANSWER: _____

*Instruction:* *If your answer to Question 44 is "yes," then please answer Question 45. If your answer to Question 44 is "no," then please answer no further questions in this section and proceed to the next section.*

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

QUESTION NO. 45:

What are Plaintiff's damages caused by Defendants' conspiracy?

ANSWER: $_____

*Instruction: If your answer to Question 45 is $0.00, then stop here, answer no further questions in this section, and proceed to the next section. Otherwise, please answer Question 46.*

QUESTION NO. 46:

By what amount should the amount stated as total damages in response to the preceding question (Question 45) be reduced because Plaintiff could have avoided the damages through reasonable efforts or expenditures?

ANSWER: $_____

*Instruction: Please answer Question 47.*

QUESTION NO. 47:

Please subtract the amount stated in response to Question 46 from total amount of damages stated in response to Question 45.

ANSWER: $_____

*Instruction: Please answer Question 48.*

*//*

*//*

VERDICT FORM
*Castel S.A. v. Christopher A. Wilson et al.* (2:19-cv-09336-ODW-PVC)

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

QUESTION NO. 48:

If you stated any amount of damages in response to Question 45 above,

please identify the portion of the total amount that was caused by each Defendant:

Olivia Ho Cheng          $_____

Michael Devlin           $_____

*Instruction:* Please answer Question 49.


QUESTION NO. 49:

If you believe Plaintiff should be awarded punitive damages as a result of

the harm it suffered at the hands of Defendants, please identify what amount, if

any, you award Plaintiff punitive damages from each of the following Defendants:

Olivia Ho Cheng          $_____

Michael Devlin           $_____