Dirk O. Julander, Bar No. 132313
 *doj@jbblaw.com*
Catherine A. Close, Bar No. 198549
 *cac@jbblaw.com*
Tiffany Wang, Bar No. 305244
 *tiffany@jbblaw.com*
JULANDER, BROWN & BOLLARD
9110 Irvine Center Drive
Irvine, California 92618
Telephone: (949) 477-2100
Facsimile: (949) 477-6355

Attorneys for Defendants
CHRISTOPHER A. WILSON, OLIVIA
HO CHENG and ARF PARTNERS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CASTEL S.A., a Luxembourg joint stock company (societe anonyme),<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER A. WILSON, an individual; PHAROS CAPITAL PARTNERS II, LP, a Delaware limited partnership; PHAROS CAPITAL PARTNERS II-A, LP, a Delaware limited partnership; OLIVIA HO CHENG, an individual; ARF PARTNERS, LLC, a Massachusetts limited liability company; AURORA HEALTHCARE US CORP, a Massachusetts corporation; STEVEN J. JAMES, an individual,<br><br>Defendants. | Case No. 2:19-cv-09336-ODW-PVC<br><br>**DEFENDANTS' DISPUTED JURY INSTRUCTIONS**<br><br>The Honorable Otis D. Wright II<br>Courtroom 5D, 5th Floor<br><br>Pre-Trial Conference:  October 18, 2021<br>Pre-Trial Conf. Time:  1:30 p.m.<br><br>Trial Date:       November 16, 2021<br>Trial Time:       9:00 a.m. |

## DEFENDANTS' DISPUTED JURY INSTRUCTIONS

The following jury instructions have been proposed by Defendants Christopher Wilson, Olivia Ho Cheng, ARF Partners, LLC, and Steven J. James ("Defendants") and have been disputed by Castel S.A. ("Castel" or "Plaintiff").

| NO. | TITLE | SOURCE | PAGE NO. |
|---|---|---|---|
| 1. | Breach of Fiduciary Duty—Insolvency | *Credit Lyonnais Bank Nederland N.V. v. Pathe Communications Corp.,* 1991 WL 277613, *34 (Del. Ch. Dec. 30, 1991); *Berg & Berg Enterprises, LLC v. Boyle,* 178 Cal.App.4th 1020, 1038 (2009); *NACEPF v. Gheewalla,* 930 A.2d 92, 103 (2007) | 4 |
| 2. | Director Limitation on Liability | Del. Code Ann. tit. 8, §102(b)(7) | 8 |
| 3. | Business Judgment Rule | *Aronson v. Lewis,* 473 A.2d 805, 812 (1984); *Citron v. Fairchild Camera & Instrument Corp.,* 569 A.2d 53, 64 (Del. 1988); *eBay Domestic Holdings, Inc. v. Newmark,* 16 A.3d 1, 36 (Del. Ch. 2010); *Central Laborers' Pension Fund v. McAfee, Inc.,* 17 Cal.App.5th 292, 317-318 (2017) | 12 |
| 4. | Insolvency—No Stock Value | *In re Trados Inc. Shareholder Litigation,* 73 A.3d 17, 72-80 (Del. Ch. 2013) | 17 |
| 5. | Conspiracy—Affirmative Defense—Business Judgment Rule | Corp. Code, § 309(a); *Berg & Berg Enterprises, LLC v. Boyle,* 178 Cal.App.4th 1020, 1037 (2009) | 21 |

DEFENDANTS DISPUTED JURY INSTRUCTIONS

| 6. | Proximate Causation | *Hajoca Corp. v. Sec. Tr. Co.,* 41 Del. 514, 25 A.2d 378, 381 (Del. Super. Ct. 1942); *Com. Credit Corp. v. C. F. Schwartz Motor Co.,* 251 A.2d 353, 355 (Del. Super. Ct. 1969) | 24 |
| 7. | Fraud and Deceit – Concealment | Cal. Jury Instr.—Civ. 12.35 (BAJI) | 27 |

DEFENDANTS DISPUTED JURY INSTRUCTIONS

**COURT'S INSTRUCTION NUMBER ___**

**BREACH OF FIDUCIARY DUTY--INSOLVENCY**

Creditors cannot bring direct claims for breaches of fiduciary duties against directors of corporations that are insolvent.

**Source**: *Credit Lyonnais Bank Nederland N.V. v. Pathe Communications Corp.*, 1991 WL 277613, *34 (Del. Ch. Dec. 30, 1991); *Berg & Berg Enterprises, LLC v. Boyle*, 178 Cal.App.4th 1020, 1038 (2009); *NACEPF v. Gheewalla*, 930 A.2d 92, 103 (2007)

### Dispute Memorandum

**I.     Disputed Instruction: Breach of Fiduciary Duty – Insolvency**

    **A.     Proposed instruction**

The instruction, which is disputed in its entirety by Castel, reads:

> Creditors cannot bring direct claims for breaches of
> fiduciary duties against directors of corporations that are
> insolvent.
>
> **Source**: *Credit Lyonnais Bank Nederland N.V. v. Pathe
> Communications Corp.*, 1991 WL 277613, *34 (Del. Ch.
> Dec. 30, 1991); *Berg & Berg Enterprises, LLC v. Boyle*,
> 178 Cal.App.4th 1020, 1038 (2009); *NACEPF v.
> Gheewalla*, 930 A.2d 92, 103 (2007).

    **B.     Plaintiff's Argument**

Defendants raise breach of fiduciary duty – insolvency, which is inapplicable here as Plaintiff Castel is bringing a breach of fiduciary duty claim as a shareholder of Aurora Imaging Technology, Inc. ("AIT"), as also alleged in the operative Complaint. It is undisputed that Plaintiff Castel was both a creditor and shareholder of AIT.  In fact, Defendants are stipulating to the facts that:

    •     On or about June 19, 2006, Castel invested in AIT and purchased 1,010,101 shares of AIT's Series C preferred stock in accordance with the Series C Preferred Stock Purchase Agreement between Castel and AIT.

    •     On or about July 15, 2008, Castel again invested in AIT and purchased 512,821 shares of AIT's Series D preferred stock in accordance with a contract titled "Series D Preferred Stock Purchase Agreement."

    •     Castel owned 16.7% of Series C and 16.7% of Series D stock, or almost 4% overall of AIT.

Thus, whether or not a creditor can bring a direct claim for breach of fiduciary duty against a corporation that is insolvent is superseded by the fact that a

1  shareholder can bring a claim for breach of fiduciary duty and Plaintiff is a

2  shareholder.

3     Furthermore, for support of this instruction, Defendant cites to *Credit*

4  *Lyonnais Bank Nederland N.V. v. Pathe Communications Corp.,* 1991 WL 277613,

5  *34 (Del. Ch. Dec. 30, 1991), which is an unpublished opinion and is

6  distinguishable from the facts here. That opinion deals with a company that was in

7  bankruptcy. AIT never filed for bankruptcy here.  Additionally, there is no holding

8  or even dicta in that case that states "Creditors cannot bring direct claims for

9  breaches of fiduciary duties against directors of corporations that are insolvent" and

10  the ruling is specific to the particular facts of the case.

11     Defendant also cites to California case *Berg & Berg Enterprises, LLC v.*

12  *Boyle, 178 Cal.App.4th 1020, 1038 (2009)*, which confirms that this instruction is

13  not valid, as the *Berg* case states "Under the trust fund doctrine, upon actual

14  insolvency, directors continue to owe fiduciary duties to shareholders and to the

15  corporation but also owe creditors the duty to avoid diversion, dissipation, or undue

16  risk to assets that might be used to satisfy creditors' claims" *Id.* At 1046-47.

17     As a result of the inapplicability of this instruction and inaccurate statement

18  of law, Instruction no. __ should not be given.

19     **C.   Defendants' Argument**

20     Castel objects to this proposed jury instruction because (1) it believes the jury

21  instruction misstates the law and (2) it is inapplicable.  It is unclear how Castel

22  reached this conclusion.

23     The controlling case on this subject is *NACEPF v. Gheewalla*, 930 A.2d 92,

24  103 (2007).  In *Gheewalla*, the Supreme Court of Delaware was faced with the

25  question of whether a creditor could bring a direct (i.e., non-derivative) claim

26  against a director of an insolvent corporation for the breach of his fiduciary duties.

27  (See generally, *id*.)

28

1    The Court began its analysis by noting that it is well settled that directors owe

2    fiduciary duties to the corporation.  When the corporation is solvent, those duties

3    may be enforced by shareholders through a derivative action.  However, when a

4    corporation is insolvent, the creditors take the place of the shareholders and have

5    standing to maintain derivative claims for the breach of fiduciary duties.  (*Id*. at 101-

6    102.)  The Court then acknowledged that, although it had previously held that

7    creditors have standing to bring a derivative action, it had not yet decided whether a

8    creditor of an insolvent corporation could bring a ***direct*** action for the breach of

9    fiduciary duties.  (*Id*. at 102.)

10    The Court concluded creditors of an insolvent corporation cannot bring a

11    direct claim against directors for the breach of fiduciary duty. (*Id*.)  The Court

12    explained that a director of an insolvent corporation has a duty to maximize the

13    value of the insolvent corporation for the benefit of all of those having an interest in

14    it.  To fulfill this duty the director "must retain the freedom to engage in vigorous,

15    good faith negotiations negations with individual creditors for the benefit of the

16    corporation." (*Id*.)  If the director also held a ***direct*** duty to the individual creditors

17    against whom he must vigorously negotiate, he would be placed in an untenable

18    conflict of interest.  (*Id*.)  The Court then explained that an individual creditor is not

19    without recourse. A creditor of an insolvent corporation "may nonetheless protect

20    their interest by bringing derivative claims on behalf of the insolvent corporation or

21    any other direct nonfiduciary claim."  (*Id*.)

22    In this case, Castel is both a shareholder and a creditor.  The capacity in

23    which Castel is bringing its action determines the damages that can be recovered.

24    Specifically, per the authorities above, ***Castel cannot recover anything in its***

25    ***capacity as a creditor.***  This means, that even if Castel could somehow prove that

26    there was a breach of a fiduciary duty, the breach would not allow Castel to recover

27    the $250,000 that Castel loaned to AIT.

28    **Source**: Del. Code Ann. tit. 8, §102(b)(7)

7

**COURT'S INSTRUCTION NUMBER ___**

**DIRECTOR LIMITATION ON LIABILITY**

Delaware corporations are free to shield their directors from liability for breach of the duty of care in their Certificates of Incorporation.  Exceptions to the limitation of liability are (1) a breach of the fiduciary duty of loyalty, and (2) a breach of fiduciary duty involving an act or omission not in good faith.

**Source**: Del. Code Ann. tit. 8, §102(b)(7)

**Dispute Memorandum**

**II.**   **Disputed Instruction: Director Limitation of Liability**

   **A.**   **Proposed instruction**

The instruction, which is disputed in its entirety by Castel, reads:

> Delaware corporations are free to shield their directors
> from liability for breach of the duty of care in their
> Certificates of Incorporation.  Exceptions to the limitation
> of liability are (1) a breach of the fiduciary duty of loyalty,
> and (2) a breach of the fiduciary duty involving an act or
> omission not in good faith.

**Source**: Del. Code Ann. tit. 8, §102(b)(7)

   **B.**   **Plaintiff's Argument**

Defendants raise limitation of liability, which is inapplicable here. The amendment cited in support of this instruction only applies to outside directors that have no connection with the corporation, and serve as independent monitors of corporate activity.  see E. BRODSKY & M. ADAMSSY, LAW OF CORPORATE OFFICERS AND DIRECTORS - RIGHTS, DUTIES, AND LIABILITIES ch.2, at 7 (1984) [hereinafter LAW OF CORPORATE OFFICERS] (defining outside director and listing activities required of outside director). Inside directors, in contrast, generally are officers or employees of the corporation. See LAW OF CORPORATE OFFICERS, supra note 13, at ch.2, at 7 (defining inside director). Wilson's role as an officer at the same time he was a director, and during the transactions at issues, demonstrates that he was an "interested director" and as such the only cite that Defendant uses to support this instruction is inapplicable here and the instruction must not be given.

Finally, even if this instruction was applicable here, the applicable clause in the Third Amended and Restated Certificate of Incorporation, Article VIII also limits the shield of liability (is to disinterested directors only) by preventing a shield

9

1  (iv) for any transaction from which such director derived an improper personal

2  benefit. See DEL. CODE ANN. tit. VIII, § 102 (b)(7) (1986) (stating that

3  shareholders may impose a limitation upon director liability). Examples of

4  limitations that shareholders may approve include a stated maximum dollar level of

5  liability, or limited liability for certain types of transactions. Black & Sparks,

6  Analysis of the 1986 Amendments to the Delaware Corporation Law, PRENTICE-

7  HALL CORPORATION 312 (1986) at 312. As such, if the Court finds this

8  instruction applicable, it should be only as to disinterested directors and include the

9  additional limitation regarding personal benefit as specified in the Articles of

10  Incorporation.

11  **C.   <u>Defendants' Argument</u>**

12  Castel objects to this proposed jury instruction because it believes that 8 Del.

13  Del. Code Ann. tit. 8, §102(b)(7) only applies to "outside directors".  Castel is

14  mistaken.

15  Section 102(b)(7) states in its entirety:

16  (b)  In addition to the matters required to be set forth

17  in the certificate of incorporation by subsection (a) of this

18  section, the certificate of incorporation may also contain

19  any or all of the following matters: . . .

20  (7) A provision eliminating or limiting the personal

21  liability of a director to the corporation or its stockholders

22  for monetary damages for breach of fiduciary duty as a

23  director, provided that such provision shall not eliminate

24  or limit the liability of a director: (i) For any breach of the

25  director's duty of loyalty to the corporation or its

26  stockholders; (ii) for acts or omissions not in good faith or

27  which involve intentional misconduct or a knowing

28  violation of law; (iii) under § 174 of this title; or (iv) for

10

1         any transaction from which the director derived an

2         improper personal benefit. No such provision shall

3         eliminate or limit the liability of a director for any act or

4         omission occurring prior to the date when such provision

5         becomes effective. An amendment, repeal or elimination

6         of such a provision shall not affect its application with

7         respect to an act or omission by a director occurring before

8         such amendment, repeal or elimination unless the

9         provision provides otherwise at the time of such act or

10        omission. All references in this paragraph to a director

11        shall also be deemed to refer to such other person or

12        persons, if any, who, pursuant to a provision of the

13        certificate of incorporation in accordance with § 141(a) of

14        this title, exercise or perform any of the powers or duties

15        otherwise conferred or imposed upon the board of

16        directors by this title.

17      The plain language of the statute does not state that protections that a

18 corporation can choose to provide are limited to "outside directors."  To the

19 contrary, the last sentence of the subsection makes clear that it applies not only to

20 directors but also to any person who has the power to perform any of the powers or

21 duties conferred or imposed upon the board of directors.

JULANDER | BROWN | BOLLARD
ATTORNEYS AT LAW

# COURT'S INSTRUCTION NUMBER ___

## BUSINESS JUDGMENT RULE

A director is presumed to have acted on an informed basis, in good faith, and in the honest belief that the action taken was in the best interest of the company. This presumption is called the business judgment rule.

To overcome the Business Judgment Rule, Castel has the burden to prove that Christopher Wilson: (1) had a personal interest in the subject matter of the transaction; (2) was grossly negligent in failing to inform himself regarding the transaction; or (3) did not act in good faith in approving the transaction.

**Source**: *Aronson v. Lewis,* 473 A.2d 805, 812 (1984); *Citron v. Fairchild Camera & Instrument Corp.,* 569 A.2d 53, 64 (Del. 1988); *eBay Domestic Holdings, Inc. v. Newmark,* 16 A.3d 1, 36 (Del. Ch. 2010); *Central Laborers' Pension Fund v. McAfee, Inc.,* 17 Cal.App.5th 292, 317-318 (2017).

DEFENDANTS DISPUTED JURY INSTRUCTIONS

**Dispute Memorandum**

**III.    Disputed Instruction: Business Judgment Rule**

    **A.    Proposed instruction**

The instruction, which is disputed in its entirety by Castel, reads:

> A director is presumed to have acted on an informed basis,
> in good faith, and in the honest belief that the action taken
> was in the best interest of the company.  This presumption
> is called the business judgment rule.
>
> To overcome the Business Judgment Rule, Castel has the
> burden to prove that Christopher Wilson: (1) had a
> personal interest in the subject matter of the transaction;
> (2) was grossly negligent in failing to inform himself
> regarding the transaction; or (3) did not act in good faith in
> approving the transaction.
>
> **Source**: *Aronson v. Lewis,* 473 A.2d 805, 812 (1984);
> *Citron v. Fairchild Camera & Instrument Corp.,* 569 A.2d
> 53, 64 (Del. 1988); *eBay Domestic Holdings, Inc. v.
> Newmark,* 16 A.3d 1, 36 (Del. Ch. 2010); *Central
> Laborers' Pension Fund v. McAfee, Inc.,* 17 Cal.App.5th
> 292, 317-318 (2017).

    **B.    Plaintiff's Argument**

The business judgment rule is inapplicable here because it only applies to directors, and Defendant Wilson was an <u>officer</u> and director during the alleged transactions. The Delaware Court of Chancery repeatedly notes that the applicability of the business judgment rule to officers is unsettled. In 2016 a Delaware federal court came clean and acknowledged there simply is no case law in Delaware supporting application of the Business Judgment Rule standard of review to officers. *Palmer v. Reali*, 211 F.Supp.3d 655, n. 8. This was also noted in *Chen v. Howard-*

1  *Anderson*, 87 A.3d 648, 666 n. 2 (Del. Ch. 2014).

2  Because the law is not settled in Delaware regarding the Business Judgment

3  Rule application to directors, this Court should look to California law regarding this

4  issue. The claim against Defendant Wilson for breach of fiduciary duties was

5  originally plead under California law and each of Defendant Wilson's actions as a

6  director and officer, including his actions taken related to the sale of AIT's assets to

7  Aurora Healthcare US Corp., which is central to this case, were performed in

8  California.  California further supports the proposition that the business judgment

9  rule should not apply to officers as Section 309 of C. Corp. C. expressly limits it to

10  actions of directors. As such, the business judgment rule instruction should be

11  eliminated.

12  If the Court finds the instruction applicable, Plaintiff proposes that the

13  language  "(2) was grossly negligent in failing to inform himself regarding the

14  transaction" be changed to: "(2) was not fully informed in approving the action" to

15  comport with cited law by Defendant. Express in the *eBay Domestic Holdings, Inc.*

16  *v. Newmark,* 16 A.3d 1, 36 (Del. Ch. 2010), which Defendant cites to in support of

17  this instruction, the Court defines the business judgment rule exactly as Plaintiff

18  proposes. The other Delaware case Defendant cites, *Aronson v. Lewis*, 473 A.2d

19  805, 812 (1984) was overruled by *Brehm v. Eisner* 746 A.2d 244 (2000), which

20  describes that in determining whether a director is *fully informed*, a director is

21  responsible for considering only material facts that are reasonably available, not

22  those that are immaterial or out of the director's reasonable reach. *Id.* At 259.  The

23  *Citron v. Fairchild Camera & Instrument Corp*. that Defendant cites also supports

24  Plaintiff's language proposal as it discusses that the decision should be made on an

25  *informed basis* [i.e. with due care] and does not specify that gross negligence is

26  required in making that determination.  569 A.2d 53, 64 (Del. 1988). The final

27  citation to the *Central Laborers' Pension Fund v. McAfee, Inc.,* 17 Cal.App.5th 292,

28  317-318 (2017)  case uses similar language that Plaintiff is proposing (see footnote

14

7 "the directors of a corporation acted on an informed basis [i.e., with due care]").
As such, if the Instruction is included, Plaintiff requests that the language of (2) be
changed to conform with Plaintiff's proposed language.

Finally, if the Court approves the instruction for the business judgment rule,
the Court should also approve Plaintiff's instruction for Entire Fairness, which
automatically shifts the burden to Defendant, if Plaintiff can prove that Defendant
Wilson's actions are not protected by the Business Judgment rule.

### C.    Defendants' Argument

Castel has indicated that it has two objections to this proposed jury
instruction: (1) Castel believes that the business judgment rule is only applicable to
directors, not officers, and (2) Castel objects to the inclusion of the term "grossly" in
the latter half of the instruction.

With regard to Castel's first objection.  Under Delaware law, the business
judgment rule protects both corporate officers and directors.  *Cede & Co. v.
Technicolor, Inc*., 634 A.2d 345, 361 (Del. 1993), decision modified on reargument,
636 A.2d 956 (Del. 1994) ("[T]he business judgment rule attaches to protect
corporate officers and directors and the decisions they make…"); *Freibott v. Miller*,
No. CIV.A. S08C11025RFS, 2009 WL 1526912, at *2 (Del. Super. Ct. June 2,
2009) (holding that the business judgment rule applied to an officer because "the
business judgment rule applies to officers, as well as directors…"); *Fed. Deposit
Ins. Corp. v. Dellen*, No. CV 10-4915 DSF (SHX), 2011 WL 13128983, at *2 (C.D.
Cal. Sept. 27, 2011) (noting that under California law, it is unclear whether the
business judgment rule applies, but that under Delaware law, the business judgment
rule applies to officers.); see also *In re Tower Air, Inc*., 416 F.3d 229, 238 (3d Cir.
2005) (assuming without discussion that the business judgment rule applies to both
officers as well as directors.)

/ / /

/ / /

1    Regardless, it is not necessary to draw any distinction between officers and

2  directors in this case.  All of the allegedly wrongful acts taken by Christopher

3  Wilson were made in his capacity as a director.  Even if Castel could show that one

4  or more of the other Defendants were not directors, it would still be appropriate to

5  give the instruction for Christopher Wilson's benefit.

6    With regard to Castel's second objection, Castel is presumably confusing

7  Delaware law with California law.  Under California law, there is no conflict

8  between business judgment rule and negligence because a director is assumed to

9  have used "reasonable diligence." *Palm Springs Villas II Homeowners Assn., Inc. v.*

10  *Parth*, 248 Cal. App. 4th 268, 288, 204 Cal. Rptr. 3d 507, 524 (2016), as modified

11  on denial of reh'g (July 14, 2016).  However, under Delaware law, a director must

12  be ***grossly negligent*** before liability attaches – mere negligence is not sufficient.

13  *Central Laborers' Pension Fund v. McAfee, Inc.* (2017) 17 Cal.App.5th 292, 317-

14  318 (applying Del. law); *Smith v. Van Gorkom* (Del. 1985) 488 A2d 858, 873; and

15  *Moran v. Household Int'l, Inc.* (Del. 1985) 500 A2d 1346, 1356 (overruled on other

16  grounds by *Gantler v. Stephens* (Del. 2009) 965 A2d 695, 713, fn. 54).

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S INSTRUCTION NUMBER ___

## INSOLVENCY -- NO STOCK VALUE

Where the company is insolvent, a corporate director does not breach his duty to shareholders by agreeing to a transaction in which the shareholders receive nothing for their equity because the stock had no economic value before the transaction.

**Source**: *In re Trados Inc. Shareholder Litigation,* 73 A.3d 17, 72-80 (Del. Ch. 2013)

17

## Dispute Memorandum

**IV.    Disputed Instruction: Insolvency – No Stock Value**

**A.    Proposed instruction**

The instruction, which is disputed in its entirety by Castel, reads:

> Where the company is insolvent, a corporate director does not breach his duty to shareholders by agreeing to a transaction in which the shareholders receive nothing for their equity because the stock had no economic value before the transaction.
>
> **Source**: *In re Trados Inc. Shareholder Litigation,* 73 A.3d 17, 72-80 (Del. Ch. 2013)

**B.    Plaintiff's Argument**

Defendant's instruction is a complete misstatement of the law and its supporting case. The only case Defendant cites in support of this instruction is *In re Trados Inc. Shareholder Litigation*, 73 A.3d 17, 72-80 (Del. Ch. 2013), which is an extremely fact specific case regarding a derivative suit determining whether a merger was "fair" to the common stockholders of the company. The court in that case was found that there was not a separate and distinct breach of duty because the directors in the case did not follow a "fair process". No separate duty to the directors for not following a "fair process" is alleged here.

In determining fairness, the court considered expert testimony and evaluated a number of factors related the value of the stock specifically and whether an outside VC firm would invest, to determine that there was no value of stock before the merger. *Id.* at 76-77. Thus, a blanket statement that a director does not breach his fiduciary duty to shareholders by agreeing to a transaction in which the shareholders receive nothing for their equity because the stock had no economic value before the transaction, does not comport with the analysis in *In re Trados* and is an oversimplification of what was at issue in that case.

18

1   Additionally, this instruction is inapplicable because it is undisputed that

2   Castel was both a shareholder **and creditor** of AIT during the transactions at issue.

3   This instruction and the case cited, only refer to shareholders. Furthermore,

4   Defendant Wilson was the sole director <u>and</u> **officer** of AIT during the transactions at

5   issue. As this instruction, and Defendant's use of case law (although improper) in

6   support of this instruction applies only to directors and not officers, this instruction

7   is inapplicable here.

8   **C.   Defendants' Argument**

9   The Delaware Supreme Court has characterized the proper "test of fairness"

10  as whether "the minority stockholder shall receive the substantial equivalent in

11  value of what he had before." *Sterling v. Mayflower Hotel Corp.*, 93 A.2d 107, 114

12  (Del.1952); *accord Rosenblatt v. Getty Oil Co.*, 493 A.2d 929, 940 (Del.1985).  If

13  the common stock has no economic value, a corporate director cannot breach his

14  fiduciary duty by agreeing to a transaction in which the shareholder receive nothing

15  for their equity.  *In re Trados Inc. S'holder Litig.*, 73 A.3d 17, 76 (Del. Ch. 2013).

16  Put simply, the value of the stock before the transaction was nothing, and therefore,

17  the stockholder was not harmed if it received nothing as part of the transaction.  *Id*.

18  Castel seeks to avoid the straightforward application of this rule by arguing

19  that Castel is a both a shareholder and creditor of AIT.  However, creditors of an

20  insolvent corporation have no standing to bring direct claims – they can only sue in

21  a derivative capacity.  *NACEPF v. Gheewalla*, 930 A.2d 92, 103 (2007).

22  Castel also argues that Wilson should somehow be liable because he was both

23  a director and an officer.  The argument lacks reason.  If Castel was not harmed

24  because its stock was worthless at the time of the transaction, it does not matter

25  whether or not Wilson was an officer or a director.  *Cede & Co. v. Technicolor, Inc.*,

26  634 A.2d 345, 361 (Del. 1993), decision modified on reargument, 636 A.2d 956

27  (Del. 1994) ("[T]he business judgment rule attaches to protect corporate officers and

28  directors and the decisions they make…"); *Freibott v. Miller*, No. CIV.A.

19

S08C11025RFS, 2009 WL 1526912, at *2 (Del. Super. Ct. June 2, 2009) (holding
that the business judgment rule applied to an officer because "the business judgment
rule applies to officers, as well as directors…"); *Fed. Deposit Ins. Corp. v. Dellen*,
No. CV 10-4915 DSF (SHX), 2011 WL 13128983, at *2 (C.D. Cal. Sept. 27, 2011)
(noting that under California law, it is unclear whether the business judgment rule
applies, but that under Delaware law, the business judgment rule applies to
officers.); see also *In re Tower Air, Inc*., 416 F.3d 229, 238 (3d Cir. 2005) (assuming
without discussion that the business judgment rule applies to both officers as well as
directors.)

DEFENDANTS DISPUTED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S INSTRUCTION NUMBER ___

### CONSPIRACY—AFFIRMATIVE DEFENSE—BUSINESS JUDGMENT RULE

If you find that Olivia Cheng acted in good faith, in a manner that she believed to be in the best interests of AIT and its shareholders, when she voted to repay Michael Devlin's investment in the Taichung Breast Cancer Detection Center out of the Pharos loan proceeds, then her actions are protected by the Business Judgment Rule and she cannot be not liable to Castel for breaching her fiduciary duties with respect to that transaction.

**Source**: Cal. Corp. Code, § 309(a); *Berg & Berg Enterprises, LLC v. Boyle,* 178 Cal.App.4th 1020, 1037 (2009)

DEFENDANTS DISPUTED JURY INSTRUCTIONS

**Dispute Memorandum**

**V.    Disputed Instruction: Affirmative Defense – Business Judgment Rule**

  **A.    Proposed instruction**

The instruction, which is disputed in its entirety by Castel, reads:

> If you find that Olivia Cheng acted in good faith, in a
> manner that she believed to be in the best interests of AIT
> and its shareholders, when she voted to repay Michael
> Devlin's investment in the Taichung Breast Cancer
> Detection Center out of the Pharos loan proceeds, then her
> actions are protected by the Business Judgment Rule and
> she cannot be not liable to Castel for breaching her
> fiduciary duties with respect to that transaction.
>
> **Source:** Cal. Corp. Code, § 309(a); *Berg & Berg*
> *Enterprises, LLC v. Boyle*, 178 Cal.App.4th 1020, 1037
> (2009)

  **B.    Plaintiff's Argument**

The business judgment rule is inapplicable here, because it should only apply to directors, and Defendant Cheng was an <u>officer</u> and not a director during the alleged conspiracy and related transactions

California supports the proposition that the business judgment rule should not apply to officers as Section 309 of C. Corp. C., cited by Defendant, expressly limits it to actions of directors. California Courts have repeatedly refused the application of the business judgment rule to officers as a defense. The *Gaillard v. Natomas Co.* (1989) 208 Cal.App.3d 1250.

Additionally, the *Berg* case cited by Defendant, defines the business judgment rule pursuant to Section 309 of the Cal. Corp. C. and common law, explicitly stating that the business judgment rule protects *directors*. *Berg & Berg Enterprises, LLC v. Boyle*, 178 Cal.App.4th 1020, 1037,1045.  The *Berg* case does not apply the

22

1  business judgment rule to an officer. As such, the business judgment rule instruction
2  should be eliminated.

3      If the Court finds the instruction applicable, the Court should also approve
4  Plaintiff's instruction for Entire Fairness as to this claim, which automatically shifts
5  the burden to Defendant, if Plaintiff can prove that Defendant Cheng's actions are
6  not protected by the Business Judgment rule.

7      **C.**    **Defendants' Argument**

8      Castel objects to the proposed jury instruction on the grounds that the
9  business judgment rule supposedly does not apply to officers.  Castel's argument
10  does not comport with Delaware law.  Under Delaware law, the business judgment
11  rule applies to both officers as well as directors. *Cede & Co. v. Technicolor, Inc.*,
12  634 A.2d 345, 361 (Del. 1993), decision modified on reargument, 636 A.2d 956
13  (Del. 1994) ("[T]he business judgment rule attaches to protect corporate officers and
14  directors and the decisions they make…"); *Freibott v. Miller*, No. CIV.A.
15  S08C11025RFS, 2009 WL 1526912, at *2 (Del. Super. Ct. June 2, 2009) (holding
16  that the business judgment rule applied to an officer because "the business judgment
17  rule applies to officers, as well as directors…"); *Fed. Deposit Ins. Corp. v. Dellen*,
18  No. CV 10-4915 DSF (SHX), 2011 WL 13128983, at *2 (C.D. Cal. Sept. 27, 2011)
19  (noting that under California law, it is unclear whether the business judgment rule
20  applies, but that under Delaware law, the business judgment rule applies to
21  officers.); see also *In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) (assuming
22  without discussion that the business judgment rule applies to both officers as well as
23  directors.)

24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S INSTRUCTION NUMBER ___

### PROXIMATE CAUSATION

The law does not hold one liable for all injuries that follow a breach of contract, but only for such injuries that are the direct, natural and proximate result of the breach of contract.

**Source**: *Hajoca Corp. v. Sec. Tr. Co.*, 41 Del. 514, 25 A.2d 378, 381 (Del. Super. Ct. 1942); *Com. Credit Corp. v. C. F. Schwartz Motor Co.*, 251 A.2d 353, 355 (Del. Super. Ct. 1969)

DEFENDANTS DISPUTED JURY INSTRUCTIONS

## Dispute Memorandum

**VI.    Disputed Instruction: Proximate Causation**

    **A.    Proposed instruction**

The instruction, which is disputed in its entirety by Castel, reads:

> The law does not hold one liable for all injuries that follow a breach of contract, but only for such injuries that are the direct, natural and proximate result of the breach of contract.
>
> **Source:** *Hajoca Corp. v. Sec. Tr. Co*., 41 Del. 514, 25 A.2d 378, 381 (Del. Super. Ct. 1942); *Com. Credit Corp. v. C. F. Schwartz Motor Co*., 251 A.2d 353, 355 (Del. Super. Ct. 1969)

    **B.    Plaintiff's Argument**

Plaintiff objects to this instruction on the grounds that Defendants' counsel did not propose this instruction until Monday morning, the date all pre-trial filings, including instructions and disputed instructions are to be filed. As such, Plaintiff has not had adequate time to provide a meaningful response or review proposed caselaw.

    **C.    Defendants' Argument**

Defendants originally proposed CACI instructions 303 and 304. Generally speaking, CACI 303 outlines the elements for a breach of contract, including the requirement that the breach of contract be a "substantial factor" in causing harm to the plaintiff.  CACI 304 provides that a "substantial factor" is a factor that a reasonable person would consider to have contribute to the harm.

Castel objected to the inclusion of both CACI 303 and 304 on the grounds that Delaware law should apply to the breach of contract claim.

In response to Castel's objection, Defendants adopted the pattern jury instructions which describe the elements of a breach of contract claim.  However,

1   there was no Delaware pattern instruction comparable to CACI 304 even though

2   California and Delaware law are similar.  Accordingly, Defendants prepared a

3   special instruction based on Delaware law that most closely resembled CACI 304.

4        The proposed jury instruction itself should be non-controversial.  Defendants

5   should not be held liable for injuries that were not the result of the alleged breach of

6   contract.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS DISPUTED JURY INSTRUCTIONS

## COURT'S INSTRUCTION NUMBER ___

## FRAUD AND DECEIT - CONCEALMENT

The essential elements of a claim of fraud by concealment are:

1.      The defendant concealed or suppressed a material fact;

2.      The defendant was under a duty to disclose the fact to the plaintiff;

3.      The defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff;

4.      The plaintiff was unaware of the fact and would not have acted as it did if it had known of the concealed or suppressed fact.

5.      And, finally, the concealment or suppression of the fact caused the plaintiff to sustain damage.

**Source**: *Cal. Jury Instr.--Civ. 12.35 (BAJI) Fraud and Deceit – Concealment (Fall 2021 Comment Revision).*

DEFENDANTS DISPUTED JURY INSTRUCTIONS

**Dispute Memorandum**

**VII.   Disputed Instruction: Fraud and Deceit Concealment**

    **A.**    **Proposed instruction**

The instruction, which is disputed in its entirety by Castel, reads:

> The essential elements of a claim of fraud by concealment are:
>
>   1.    The defendant concealed or suppressed a material fact;
>
>   2.    The defendant was under a duty to disclose the fact to the plaintiff;
>
>   3.    The defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff;
>
>   4.    The plaintiff was unaware of the fact and would not have acted as it did if it had known of the concealed or suppressed fact.
>
>   5.    And, finally, the concealment or suppression of the fact caused the plaintiff to sustain damage.
>
> **Source**: *Cal. Jury Instr.--Civ. 12.35 (BAJI) Fraud and Deceit – Concealment (Fall 2021 Comment Revision).*

    **B.**    **Plaintiff's Argument**

Plaintiff objects to the proposed jury instruction on the grounds that it is a BAJI instruction and does not apply the correct standard for causation, and as such requests that CACI 1901 – Concealment, be used.  The California Rules of Court 2.1050 provides that the CACI instructions are designated as the "official instructions for use in the state of California."  Additionally, the parties are using CACI instructions for all other California instructions and should be consistent with its use of instructions, particularly in light of the fact that there is a CACI instruction for Concealment (CACI 1901).  Specifically, Plaintiff requests that the instruction

28

1  "Defendant's concealment was a substantial factor in causing Plaintiff's harm" be

2  used.  This language is more accurate than Defendants' proposed BAJI instruction

3  that says "and finally, the concealment or suppression of the fact caused the plaintiff

4  to sustain damage." The BAJI language seems to imply that the suppression of the

5  fact be the only cause of the harm, which is unsupported by case law, which

6  identifies substantial factor and that it need not be the only cause of the harm.  "One

7  need only prove that, had the omitted information been disclosed, one would have

8  been aware of it and behaved differently. *Mirkin v. Wasserman,* 5 Cal.4th 1082

9  (1993); *Ehrlich, supra,* 801 F.Supp2d 908; *Falk v. General Motors Corp.,* 496

10  F.Supp2d 1088, 1095 (N.D. Cal., 2007); CACI 1901. Concealment.  "Moreover, a

11  presumption, or at least an inference, of reliance arises wherever there is a showing

12  that a misrepresentation was material." *Engalla, supra,* 15 Cal.4th at 977; *In re*

13  *Toyota, supra,* 790 F.Supp.2d at 1168-69.  Finally, Plaintiff believed that the parties

14  had agreed to the universal use of CACI instructions (to the extent California law

15  and CACI instructions are applicable) during their meet and confer pre-trial

16  conference call on October 7, 2021.  Plaintiff is learning on October 11, 2021, for

17  the first time, that Defendants are choosing to propose the BAJI instruction on

18  Concealment rather than the CACI instruction.

19  ## C. **Defendants' Argument**

20  During the meet and confer process the parties specifically discussed using

21  the BAJI instruction rather than the CACI instructions because the BAJI instruction

22  was simpler and easier for the jury to understand since there are numerous

23  concealment claims.  All counsel agreed to this common-sense proposal during the

24  pre-trial conference.

25  Plaintiff now wants to change the language of the BAJI instructions to include

26  the "substantial factor" language from CACI 1901 or, alternatively, give the CACI

27  instruction.  The proposed modification of the BAJI instructions is unnecessary as

28  the BAJI instruction already provides that the plaintiff must show that "the

29

1   concealment or suppression of the fact ***caused*** the plaintiff to sustain damage." (Cal.

2   Jury Instr.—Civ. 12.35; emphasis added.)

3

4   DATED:  October 11, 2021              Valla & Associates, Inc., P.C.

5

6                                         By:   */s/ Lisa Schachne*_____

7                                              Lisa Schachne, Esq.

8                                              Attorneys for Plaintiff Castel S.A.

9

10                                        Julander, Brown & Bollard

11                                        By:   */s/ Catherine Close*_____

12                                              Catherine Close, Esq.

13                                              Attorneys for Defendants Olivia Ho
                                                Cheng, ARF Partners, LLC, and

14                                              Christopher Wilson

15                                        Hoge, Fenton, Jones & Appel, Inc.

16                                        By:   */s/ Alison Buchanan*_____

17                                              Alison Buchanan, Esq.

18                                              Attorneys for Defendant Steven J.
                                                James

19

20

21

22

23

24

25

26

27

28

DEFENDANTS DISPUTED JURY INSTRUCTIONS

# CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October, 2021, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification to all parties of record or persons requiring notice.

/s/ Dirk O. Julander
Dirk O. Julander