O

# United States District Court
# Central District of California

| | |
|---|---|
| CASTEL, S.A.,<br><br>        Plaintiff,<br><br>    v.<br><br>CHRISTOPHER A. WILSON, et al.,<br><br>        Defendants. | Case № 2:19-CV-09336-ODW (PVCx)<br><br>**ORDER GRANTING MOTION TO DISMISS [142]** |

## I.  INTRODUCTION

On January 28, 2021, Plaintiff Castel S.A. filed a Second Amended Complaint and added Defendant Michael W. Devlin to the action.  (Second Am. Compl. ("SAC"), ECF No. 91.)  Devlin now moves to dismiss the claims against him for insufficient service of process under Federal Rule of Civil Procedure ("Rule") 12(b)(5) and lack of personal jurisdiction under Rule 12(b)(2).  (Mot. Dismiss ("Mot." or "Motion"), ECF No. 142.)  For the reasons below, the Court **GRANTS** Devlin's Motion to Dismiss for insufficient service of process, **DENIES AS MOOT** Devlin's Motion to Dismiss for lack of personal jurisdiction, and **DENIES AS MOOT** Devlin's Request for Judicial Notice.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Castel is an investor in Aurora Imaging Technology, Inc. ("AIT") and was a nearly four percent owner of AIT. (Compl. ¶¶ 18–20, ECF No. 1.) Devlin was the "CEO of AIT from mid-2013 until mid-2015" and is a "founder of Greybird Ventures." (SAC ¶ 6.) On October 31, 2019, Castel initiated this action against Defendants Christopher A. Wilson, Pharos Capital Partners II, LP, Pharos Capital Partners II-A, LP, Olivia Ho Cheng, ARF Partners, LLC, Aurora Healthcare US Corporation, and Steven J. James (collectively, the "Initial Defendants"). (Compl.) Castel alleged claims for fraud, breach of fiduciary duties, civil conspiracy, breach of contract, and unjust enrichment. (*Id.*) On January 29, 2020, Castel amended its complaint and again named only the Initial Defendants. (First Am. Compl., ECF No. 44.)

Almost one year later, on January 28, 2021, Castel filed its Second Amended Complaint, adding Devlin as a Defendant and asserting a breach of fiduciary duty claim against him. (*See* SAC ¶¶ 6, 90–106, 149–57.) Thereafter, Castel made "repeated and copious efforts . . . attempting service on Devlin." (Opp'n 12, ECF No. 146; Decl. Lisa Schachne ("Schachne Decl.") ¶¶ 4–24, ECF No. 146-4.) "In total, [Castel] made [thirteen] service attempts at four different addresses, spoke with six (6) different individuals (not including [Initial] Defendants during their depositions), and even hired a private investigator in order to complete service, spending thousands of dollars in the process." (Opp'n 12.) Finally, on September 2, 2021, Castel served Devlin with the Second Amended Complaint. (Proof Service 1, ECF No. 137.)

Castel ultimately served Devlin at an address found in a "Westlaw PeopleMap Report," which Report Castel possessed since January 26, 2021. (Schachne Decl. ¶ 7, Ex. C ("PeopleMap Report") 4, ECF No. 146-7.) On October 1, 2021, Devlin filed the instant Motion, asserting he should be dismissed from this action because Castel did not timely serve Devlin with the SAC and does not have good cause to justify its delay. (*See* Mot.) The Motion is fully briefed. (Opp'n; Reply, ECF No. 166.)

## III. LEGAL STANDARD

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. Proc. 4(m). "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). First, the Court must determine whether the plaintiff has shown good cause for the defective service, which would require the Court to extend the deadline to effectuate service. *Id.* Second, if the court finds that the plaintiff fails to show the requisite good cause, it then has "the discretion to dismiss without prejudice or to extend the time period." *Id.*

## IV. DISCUSSION

To meet the ninety-day service requirement of Rule 4(m), Castel needed to serve Devlin within ninety days of filing the SAC, or by April 28, 2021. Although Castel does not dispute that it served Devlin outside of the ninety-day period, Castel argues that it had good cause to justify its delay. (Opp'n 10–14.) Alternatively, Castel contends the Court should exercise its discretion to find Castel's service upon Devlin was sufficient because various procedural safeguards minimize prejudice to Devlin and the Initial Defendants. (*Id.* at 14.) The Court finds that Castel failed to show good cause for untimely service. The Court also declines to exercise discretion to extend the service deadline because doing so would result in significant prejudice to Devlin and the Initial Defendants.[2]

---

[2] The Court need not and does not address Devlin's alternative argument that the Court lacks personal jurisdiction over him, (Reply 6–9), because the Court dismisses the action against Devlin for insufficient service. Accordingly, Devlin's Motion to dismiss pursuant to Rule 12(b)(2) is denied as **MOOT**. Additionally, Devlin filed a Request for Judicial Notice with exhibits in support of his Motion, (Req. Judicial Notice, ECF No. 142-6), which the Court **DENIES** as **MOOT** because the exhibits were not necessary for the Court's analysis.

### A. Good Cause

The Ninth Circuit has "recognized that [a]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)) (internal quotation marks omitted). In determining whether the plaintiff has shown good cause, the court may look to several factors including whether the party to be served received actual notice of the lawsuit, whether the defendant would suffer any prejudice, and whether dismissal would severely prejudice the plaintiff. *Id.* When a defendant challenges service, the plaintiff "bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Here, Castel filed its Second Amended Complaint on January 28, 2021, but did not serve Devlin until September 2, 2021—more than seven months later. Castel argues that good cause is "easily establishe[d] . . . [by] the significant, time, effort and [thirteen] service attempts, in serving Devlin." (Opp'n 12.) Castel states that in its efforts to serve Devlin, it "searched numerous public and private databases, hired a private investigator, made at least 13 attempts of service . . . at five (5) different addresses, and after speaking with over six (6) different individuals." (*Id.* at 1.) Castel also contends that it asked the Initial Defendants for Devlin's address through deposition and points to Devlin's failure to "explain how Plaintiff should have been expected to know" Devlin's address. (*Id.* at 12, 13.) However, none of this establishes good cause.

The inability to identify the defendant's correct address does not constitute good cause to warrant a delay in service. *See e.g.*, *Urenda-Bustos v. Williams*, 822 F. App'x 577, 579 (9th Cir. 2020) (affirming that the inability to learn the defendant's correct address did not constitute good cause justifying a delay in service); *Spencer v. Klein*, 691 F. App'x 862, 862 (9th Cir. 2017) (same); *Jiangnan Li v. Royal Health Prods. Corp.*, No. C 11-03888 JW, 2012 WL 603191, at *2 (N.D. Cal. Jan. 27, 2012) (finding no good cause where the plaintiff's only justification was that he could not

identify the defendants' correct addresses).

In any case, Castel demonstrated its ability to identify Devlin's correct address and effectuate service at that address by eventually serving him there, using information Castel had since January 26, 2021. (*See* Proof Service 1; PeopleMap Report 4.) Any inadvertence or mistake by Castel in not timely utilizing this information does not constitute the good cause necessary to justify a delay in service. *See Harvest v. Castro*, 531 F.3d 737, 746 (9th Cir. 2008) ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect.") (internal quotation marks omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). And Castel does not identify any factors beyond its control to justify Castel's failure to timely serve Devlin. *See Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (suggesting that the plaintiff may have been able to show good cause for his failure to timely serve the defendants if factors beyond his control prevented such service). Thus, the Court finds Castel failed to show good cause for its untimely service upon Devlin.

**B.    Court's Discretion Absent Good Cause**

"Courts have discretion under Rule 4(m), absent a showing of good cause, to extend the time for service or to dismiss the action without prejudice." *In re Sheehan*, 253 F.3d at 513. In determining whether to grant a discretionary extension, courts may consider the length of the delay, whether a reasonable explanation has been offered for the failure to service, whether the party has shown reasonable diligence in attempting service, a limitations bar, prejudice to the defendant, actual notice of lawsuit, and eventual service. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). In this case, the *Efaw* factors weigh heavily against a discretionary extension.

First, Castel's delay in serving Devlin was significant. Castel eventually served Devlin on September 2, 2021—more than four months after the ninety-day deadline. *See Harvest,* 531 F.3d 737 at 747 (recognizing a sixty-four-day delay as "substantial"). Second, Castel's attempts at service were not reasonably diligent despite their

numerosity. Although Castel attempted service ten times at three wrong addresses within the ninety-day-window, Castel made no service attempts from April 26, 2021, to July 6, 2021. (Schachne Decl. Ex. A at 5, ECF No 146-5.) Castel's first attempt to serve Devlin at his business, Greybird Ventures, was on July 7, 2021. (Mot. 9; Shachne Decl. Ex. B, ECF No. 146-6.) Additionally, Castel did not serve Devlin at his correct address for over seven months, despite being in possession of that address for more than nine months. (Proof Service 1; PeopleMap Report 4.) This demonstrates a lack of reasonable diligence. *See Torrison v. Thompson*, No. 2:12-CV-6939-ODW (MRWx), 2013 WL 12205580, at *2 (C.D. Cal. Sept. 16, 2013). As discussed above, Castel does not provide an adequate explanation for the delay. In view of Castel's failure to serve Devlin at the address Castel had all along, paired with Castel's inconsistencies in attempted service, Castel did not take "those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Id.* at *2 (quoting *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 332 (1978)). Thus, Castel did not act with reasonable diligence. *See id.*

Additionally, Castel does not suggest or provide evidence to indicate Devlin received actual notice of this action. Indeed, Devlin states he "had no actual notice of the lawsuit until the day he was served." (Reply 5.) Moreover, this action has developed for more than two years, the parties have conducted and concluded discovery, engaged in settlement discussions, filed numerous dispositive motions, submitted pretrial documents, and prepared for a jury trial originally set for November 16, 2021—all without Devlin's involvement or knowledge. (*See* Scheduling & Case Management Order, ECF. No. 82.) Thus, Devlin will suffer significant prejudice if brought into the action in its final stage. Accordingly, after balancing the above factors, the Court declines to exercise its discretion to extend the time for service.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Devlin's Motion to Dismiss for insufficient service of process. (ECF No. 142.) The Court **DENIES** as **MOOT** Devlin's Motion to Dismiss for lack of personal jurisdiction, and **DENIES** as **MOOT** Devlin's Request for Judicial Notice, (ECF No. 142-6).

**IT IS SO ORDERED.**

March 28, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**