O

# United States District Court
# Central District of California

| | |
|---|---|
| CASTEL S.A.,<br><br>                  Plaintiff,<br><br>    v.<br><br>CHRISTOPHER A. WILSON, et al.,<br><br>                  Defendants. | Case № 2:19-CV-09336-ODW (PVCx)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS [181]** |

## I.      INTRODUCTION

On February 18, 2022, the Court granted Defendant Steven James's motion for summary judgment, dismissing him from this action. (Order Granting Mot. Summ. J. ("MSJ Order"), ECF No. 176.) James now seeks to impose sanctions, pursuant to Federal Rule of Civil Procedure ("Rule") 11, against Plaintiff Castel S.A., for improperly maintaining its claim against James. (Mot. Sanctions ("Motion" or "Mot."), ECF No. 181.) For the following reasons, the Court **DENIES** James's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

In 1999, James, a certified public accountant, joined Aurora Imaging Technology, Inc. ("AIT") as its Executive Vice President and Chief Financial Officer ("CFO"). (MSJ Order 2.) In 2006, Castel purchased stock in AIT. (*Id.*) In 2014, James resigned from all positions he held at AIT. (*Id.*) And by 2015, AIT had become insolvent. (*Id.*) Accordingly, on October 20, 2016, Defendant Christopher A. Wilson informed Castel that, subject to approval by AIT shareholders, AIT planned to sell its assets to another company in order to avoid bankruptcy (the "Transaction"). (*Id.* at 4.) Castel was offered a payment for its shares in AIT, but refused the offer. (*Id.*)

According to Castel, on October 31, 2016, AIT executed the Transaction without Castel's approval as a shareholder. (*Id.*) Also in late 2016, James was serving as the CFO of the buying company in the Transaction. (*Id.* at 2.) James was simultaneously providing financial consulting services to AIT, including assisting in its appraisal of the Transaction. (*Id.*)

On October 30, 2019, Castel brought this action, alleging that James and the other named Defendants defrauded Castel by withholding from Castel material information regarding the Transaction and other negotiations. (*See* Compl., ECF No. 1; Second Am. Compl. ("SAC"), ECF No. 91.) Specifically, Castel asserted one claim for fraudulent deceit and concealment against James, alleging that he "owed a fiduciary duty to the shareholders of AIT" and therefore should have disclosed certain facts regarding the Transaction and other negotiations. (MSJ Order 2 (quoting SAC ¶ 119).) Castel alleged that, despite James resigning from his formal role at AIT before the relevant transactions, James continued to owe Castel a fiduciary duty due to James's continued involvement as a consultant for AIT during those transactions. (SAC ¶¶ 86–87.)

On July 26, 2021, James moved for summary judgment as to Castel's single claim asserted against James for fraudulent concealment. (Mot. Summ. J., ECF

No. 104.) In his motion, James argued that Castel's claim against James was impossible as a matter of law because James did not owe the requisite fiduciary duty to Castel during the relevant transactions. (*See generally id.*) The Court ultimately granted James's motion for summary judgment against Castel, thereby dismissing James from this action. (*See* MSJ Order.)

James now moves for Rule 11 sanctions against Castel, asserting that Castel knew throughout the course of this litigation that James did not owe Castel a fiduciary duty during the relevant transactions, and therefore knew its claim against James was not viable, but nevertheless kept James in this suit.

### III.     LEGAL STANDARD

Imposing sanctions under Rule 11 "is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The court may sanction an attorney under Rule 11 for filing a pleading or other paper that is "frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Est. of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997); Fed. R. Civ. P. 11(b)(1)–(4). Because Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories," courts have interpreted the rule to "prescribe sanctions, including fees, only in the exceptional circumstance, where a claim or motion is patently unmeritorious or frivolous." *Riverhead Sav. Bank v. Nat'l Mortg. Equity Corp.*, 893 F.2d 1109, 1115 (9th Cir. 1990) (internal quotations omitted).

### IV.     DISCUSSION

James contends that the Court should sanction Castel pursuant to Rule 11 because Castel maintained its claim against James despite knowing that James owed no fiduciary duty to Castel during the relevant transactions. (*See generally* Mot.) As

explained below, the Court finds that even if Castel knew James did not owe a fiduciary duty during the relevant period, Castel nevertheless had a reasonable and substantiated belief that it could allege and prove its claim against James on alternative theories of liability. The Court therefore declines to impose sanctions against Castel.

A claim for fraudulent concealment requires that the defendant concealed or suppressed a material fact while having a duty to disclose the fact to the plaintiff. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1163 (9th Cir. 2012). In its MSJ Order granting summary judgment for James, the Court explicitly stated that a fiduciary duty is just one basis—but not the only basis—for a duty to disclose that could give rise to fraudulent concealment. (MSJ Order 8.) Specifically, a duty to disclose may arise when the defendant: (1) is in a fiduciary relationship with the plaintiff; (2) has exclusive knowledge of material facts not known to the plaintiff; (3) actively conceals a material fact from the plaintiff; or (4) makes partial representations but also suppresses some material facts. *Burch v. CertainTeed Corp.*, 34 Cal. App. 5th 341, 349 (2019). The latter three circumstances require "the existence of some other relationship between the plaintiff and defendant in which a duty to disclose can arise." *Id.* Thus, there are three *other* circumstances, beyond a fiduciary duty, under which a duty to disclose—and therefore, a claim for fraudulent concealment—may arise. Accordingly, Castel's maintenance of its fraudulent concealment claim against James, while knowing James did not owe a fiduciary duty during the relevant transactions, was neither patently unmeritorious nor patently frivolous. *See Riverhead*, 893 F.2d at 1115.

Indeed, Castel provided evidence that James worked as a consultant for AIT during the Transaction, directly advised AIT on the Transaction, also worked for the buying company during the Transaction, had exclusive knowledge of material facts pertaining to the Transaction, and withheld those facts from Castel. (*See* MSJ Order 2, 4, 9.) Thus, Castel presented reasonable alternative theories of liability, all

supported by facts and evidence. That the Court ultimately found that Castel and James did not have a sufficient direct relationship to support a duty to disclose, (MSJ Order 11), does not render Castel's claim unmeritorious or frivolous. Accordingly, the mere inability of Castel's claim to survive summary judgment does not amount to bad faith on Castel's part. *See C.Q. v. River Springs Charter Schs.*, No. CV 18-01017 SJO (SHKx), 2019 WL 6331402, at *13 (C.D. Cal. Oct. 21, 2019) ("Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument . . . ." (quoting *Est. of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986))).

Based on the foregoing, the Court finds that Castel did not violate Rule 11 and sanctions against Castel are therefore not appropriate.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** James's Motion for sanctions. (ECF No. 181.)

**IT IS SO ORDERED.**

August 18, 2022

                         **OTIS D. WRIGHT, II**
                   **UNITED STATES DISTRICT JUDGE**