# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CASTEL S.A.,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>CHRISTOPHER A. WILSON et al.,<br><br>　　　Defendants. | No. CV 19-09336-DFM<br><br>CASE MANAGEMENT AND SCHEDULING ORDER |

## I.   SCHEDULING

The Final Pretrial Conference shall begin on May 3, 2023, at 10:00 a.m. The Court Trial shall begin on May 22, 2023, at 9:00 a.m.

## II.   FINAL PRETRIAL CONFERENCE

This case has been placed on calendar for a Final Pretrial Conference pursuant to Fed. R. Civ. P. 16. Strict compliance with the requirements of the Federal Rules of Civil Procedure and the Local Rules is mandatory. Each party shall file and serve a Memorandum of Contentions of Fact and Law (which may also serve as the trial briefs) no later than fourteen (14) days before the Final Pretrial Conference, in accordance with the provisions of Local Rule 16-4. Counsel shall also lodge a (Proposed) Final Pretrial Conference Order, in accordance with the provisions of Local Rule 16-7. The form of the (Proposed)

Final Pretrial Conference Order will be in conformity with the form set forth in Appendix A to the Local Rules.

### III. TRIAL PREPARATION

**A. Trial Exhibits**

1. **Joint Exhibit List.** A joint exhibit list shall be prepared in compliance with Local Rule 16-6.1. The joint exhibit list shall contain the information required by Fed. R. Civ. P. 26(a)(3)(A). The joint exhibit list will be filed no later than five (5) court days prior to the Final Pretrial Conference, and the parties are to meet and confer sufficiently in advance of the required filing deadline to prepare the joint exhibit list. As part of the meet and confer process, counsel will stipulate so far as is possible as to foundation, waiver of the best evidence rule, and to those exhibits which may be received into evidence at the start of trial. The exhibits to be so received will be noted on the extra copies of the exhibit lists. To the extent Counsel intend to rely on any exhibits not stipulated to be received into evidence, Counsel should be prepared to discuss this during the Final Pretrial Conference.

2. **Exhibit Preparation.**

    a. All exhibits will be placed in 3-ring loose-leaf binders with divider tabs containing exhibit numbers. The exhibits are to be numbered in accordance with Local Rule 26-3. The face and spine of the notebooks are to be marked with the case name and number, the numbers of the exhibits contained therein, and the volume number. The parties are to provide a set of binders with the original exhibits. The parties shall also provide two additional sets of binders containing copies of the original exhibits. All three sets must be provided to the Courtroom

    Deputy Clerk on the first day of trial.

  b. The original set must be prepared and organized as follows: The original exhibits shall have the appropriate exhibit tag affixed to the lower right-hand corner of the first page of each original exhibit. Exhibits consisting of more than one page shall be internally paginated in the lower right-hand corner, displaying both the exhibit number and the page number. The original exhibits shall be separated by tabs that indicate their exhibit numbers. The two sets of copies must also be separated by tabs that indicate their exhibit numbers.

**B.** **Witness List**

  The witness list will be filed no later than five (5) court days prior to the Final Pretrial Conference. A joint witness list will be prepared in compliance with Local Rule 16-5. Counsel are to submit the names of the witnesses in the order that they are expected to testify, and provide, to the extent possible, an accurate estimate of the time needed for each witness for direct, cross, redirect and re-cross. Counsel will also provide a brief summary of each witness' testimony and. If more than one witness is offered on the same subject, the summary should be sufficiently detailed to allow the Court to determine if the testimony is cumulative. Counsel shall also indicate, to the extent possible, the exhibits expected to be presented to each witness.

**C.** **Findings of Fact and Conclusions of Law**

  Notwithstanding Local Rule 52, for any matter requiring findings of fact and conclusions of law, unless otherwise expressly ordered by the Court, counsel will be required to file (Proposed) Findings of Fact and Conclusions of Law after the conclusion of the trial. The proposed Findings of Fact must include citations to admitted evidence. Where witness trial testimony is necessary to establish a given fact, the party must obtain a transcript of the

proceedings and file relevant excerpts of those transcripts with the (Proposed) Findings of Fact and Conclusions of Law. In addition to filing, counsel must email Microsoft Word versions of their (Proposed) Findings of Fact and Conclusions of Law to the chambers email address.

## IV. ATTORNEY AND PARTY CONDUCT AT TRIAL

### A. Trial Schedule

Unless otherwise ordered, the trial day will be 9:00 a.m. to noon and 1:30 p.m. to 4:30 p.m. with a 15-minute break during each session. At the end of each day, counsel presenting his or her case shall advise opposing counsel of the witnesses anticipated the following day with an estimate of the length of direct examination. Opposing counsel shall provide an estimate of the length of cross–examination. Cooperation of counsel will ensure a smooth flow of witnesses.

### B. Objections

Counsel must not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness. When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection. If counsel wishes to argue an objection further, counsel must ask for permission to do so; the Court may or may not grant a request for conference at sidebar.

### C. Decorum

1. Counsel must not approach the Clerk or the witness box without specific permission. When permission is given, please return to the lectern when the purpose of the permission is finished. Counsel must not engage in questioning a witness at the witness stand.
2. Please rise when addressing the Court.
3. Counsel must address all remarks to the Court. Counsel are not to address the Clerk, the Court Reporter, persons in the audience, or

      opposing counsel. If counsel wishes to speak with opposing counsel, counsel must ask permission to talk off the record. Any request for the re-reading of questions or answers shall be addressed to the Court.

4. Counsel must not make an offer of stipulation unless counsel has conferred with opposing counsel and has reason to believe the stipulation will be acceptable.
5. While Court is in session, counsel must not leave counsel table to confer with any personnel or witnesses in the back of the courtroom unless permission has been granted in advance.
6. Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a given witness.

D. **Promptness**

The Court will make every effort to commence proceedings at the time set. Promptness is expected from counsel and witnesses. It is counsel's duty of the first day of trial to advise the Court on the first day of any commitments that may result in counsel's absence or late arrival. If a witness is on the stand when a recess is taken, it is counsel's duty to have the witness back on the stand, ready to proceed, when the court session resumes. If a witness was on the stand at adjournment, it is counsel's duty to have the witness adjacent to, but not on, the stand, ready to proceed when the court session resumes. Counsel are expected to notify the Courtroom Deputy Clerk if any accommodations are needed.

E. **Exhibits**

1. Each counsel should keep counsel's own list of exhibits and should keep track when each has been admitted in evidence.
2. Each counsel is responsible for any exhibits that counsel secures from the Clerk and, during all recesses and noontime and

            afternoon adjournments, counsel must return all exhibits in counsel's possession to the Clerk.

      3. An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the Clerk mark it for identification. To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in Court.

      4. Whenever in counsel's opinion a particular exhibit is admissible, it should be offered unless tactical considerations dictate otherwise. The motion to admit will be dealt with at the next available recess if there is objection. No exhibit shall be read or displayed until admitted.

      5. When referring to an exhibit, counsel should refer to its exhibit number whenever possible. Witnesses should be instructed to do the same.

      6. If counsel wishes to question a witness in connection with graphic aids, the material must be fully prepared before the court session starts.

**F.** **Depositions**

      1. All depositions that will be used in the trial, either as evidence or for impeachment, must be signed and lodged with the Courtroom Deputy on the first day of trial or such earlier date as the Court may order. For any deposition in which counsel is interested, counsel should check with the clerk to confirm that the clerk has the transcript and that the transcript is properly signed.

      2. In using depositions of an adverse party for impeachment, counsel shall first announce the page and line reference of the passage desired to be read, and allow opposing counsel an opportunity to state any objection. Counsel shall use either of the following

procedures:

a. If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel may merely read the relevant portions of the deposition into the record.

b. If counsel wishes to ask the witness further questions on the subject matter, the deposition is placed in front of the witness and the witness is told to read silently the pages and lines involved. Then counsel may either ask the witness further questions on the matter and thereafter read the quotations or read the quotations and thereafter ask further questions. Counsel should have an extra copy of the deposition for this purpose.

3. Where a witness is absent and the witness' testimony is offered by deposition, please observe the following procedure. A reader should occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions.

G. **Advance Notice of Evidentiary or Difficult Questions**

If counsel has reason to anticipate that a difficult question of law or evidence will raise legal argument, requiring research and/or briefing, counsel must give the Court advance notice. Counsel are directed to notify the Clerk at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion in limine (see Fed. R. Evid. 103).

IT IS SO ORDERED.

Date: January 13, 2023

DOUGLAS F. McCORMICK
United States Magistrate Judge