UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 19-09336-DFM | Date: | January 26, 2023 |
|---|---|---|---|
| Title | Castel S.A. v. Christopher A. Wilson et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge ||
|---|---|---|
| Nancy Boehme | Court Reporter ||
| Deputy Clerk | Not Present ||
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): ||
| Not Present | Not Present ||

| Proceedings: | (IN CHAMBERS) Order Denying Proposed Order for Partial Final Judgment (Dkt. 188) |
|---|---|

Defendant Steven J. James has filed a proposed order for partial final judgment pursuant to Federal Rule of Civil Procedure 54(b). See Dkt. 188. James argues that because Judge Wright granted his motion for summary judgment and dismissed all claims against him with prejudice, there is no just reason to delay entering partial final judgment. See id. at 6.

"When the district court dismisses claims against one of a number of parties, it has discretion to direct the entry of a final judgment as to that party only if the court expressly determines that there is no just reason to delay." Noel v. Hall, 568 F.3d 743, 747 (9th Cir. 2009). This determination is "exclusively within the discretion of the district court." Dannenberg v. Software Toolworks, Inc., 16 F.3d 1073, 1078 (9th Cir. 1994). "The burden lies on the party moving for certification to show that their case's circumstances are unusual enough to merit departure from the court's general presumption against Rule 54(b)." Hernandez v. Jefferson Cty. Sheriff's Office, No. 19-1404, 2021 WL 2349322, at *1 (D. Or. May 7, 2021) (citation omitted).

The Ninth Circuit has highlighted two considerations in determining whether there is "just reason" for delaying entry of judgment, taken from the Supreme Court's analysis in Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1 (1980). See Jewel v. NSA, 810 F.3d 622, 628 (9th Cir. 2015). First, courts should evaluate "juridical concerns" focusing on piecemeal appeals, primarily whether the claims are "sufficiently divisible from the other claims such that the case would not inevitably come back to [the Court of Appeals] on the same set of facts." Jewel, 810 F.3d at 628 (cleaned up). "This inquiry does not require the issues raised on appeal to be completely distinct from the rest of the action, so long as resolving the claims would streamline the ensuing litigation." Id. (quotation marks omitted). The Ninth Circuit embraces a "pragmatic approach focusing on severability and efficient judicial administration." Wood v. GCC Bend,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

LLC, 422 F.3d 873, 880 (9th Cir. 2005) (quotation marks omitted). Claims may have "overlapping facts" and still be "separate for purposes of Rule 54(b)." Id. at 881.

Second, courts should undertake an "equitable analysis." Jewel, 810 F.3d at 628. District courts are "encourage[d]" but not required to "make factual findings and to explain their reasons for certifying." Id. Under the equitable analysis, courts "focus on traditional equitable principles such as prejudice and delay." Gregorian v. Izvestia, 871 F.2d 1515, 1519 (9th Cir. 1989). One example of an equitable consideration "that may inform a judge's decision" is whether the timing of the entry of judgment "would inflict severe financial harm" on either side. Wood, 422 F.3d at 878 n.2 (discussing Curtiss-Wright).

Here, Defendant James offers no argument or evidence relating to the two considerations above. Instead, James simply asserts that because Judge Wright dismissed the claims against him with prejudice, partial judgment is warranted. That is not sufficient. Entry of judgment under Rule 54(b) "is not routine" in ordinary cases and "should not become so." Wood, 422 F.3d at 879; see also Curtiss-Wright, 446 U.S. at 10 ("Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."). Moreover, judicial administration and equitable concerns favor denying James's proposed order. Plaintiff's dismissed claims against James—fraudulent deceit and concealment—are the same as those brought against remaining Defendants Cheng, ARF, and Wilson. Although there are factual differences, the Court is loath to risk the possibility of piecemeal appeals.

While "Rule 54(b) certification is proper if it will aid in 'expeditious decision' of the case," given the stage of this litigation, the most expeditious manner of resolving this case is to proceed with the resolution of the remaining issues. See Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 797 (9th Cir. 1991). In sum, this is not the type of "unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

The proposed order of partial final judgment is DENIED.