Antonio Valla, Esq. (SBN 136256)
Lisa Schachne, Esq. (SBN 300499)
Kevin Sherman, Esq. (SBN 316823)
Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
Telephone:  415.856.9001

Attorneys for
Castel S.A. a Luxembourg joint stock company *(societe anonyme)*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASTEL S.A., a Luxembourg joint stock company *(societe anonyme)*<br><br>        Plaintiff,<br><br>    vs.<br><br>CHRISTOPHER A. WILSON, an individual; OLIVIA HO CHENG, an individual; ARF PARTNERS, LLC, a Massachusetts limited liability company; STEVEN J. JAMES, an individual; MICHAEL DEVLIN, an individual.<br><br>        Defendants. | No. CV 19-09336-DFM<br><br>~~[JOINT PROPOSED]~~ **FINAL PRETRIAL CONFERENCE ORDER**<br><br>Courtroom: 6B, 6th Floor<br>Judge: Hon. Douglas F. McCormick<br>Action Filed: October 30, 2019<br>Pre-Trial Conference: May 3, 2023<br>Trial Date: May 22, 2023 |

*(Sidebar, left margin:)* Valla & Associates, Inc., P.C. / 333 Bush Street, Suite 2020 / San Francisco, CA 94104 / www.vallalaw.com

1

# **TABLE OF CONTENTS**

2
1. THE PARTIES ..................................................................................3

3
2. JURISDICTION AND VENUE.......................................................3

4
3. TRIAL TIME ESTIMATE................................................................4

5
4. JURY/BENCH TRIAL......................................................................4

6
5. ADMITTED FACTS..........................................................................4

7
6. STIPULATED FACTS ......................................................................6

8
7. CLAIMS AND DEFENSES .............................................................9

9
8. ISSUES THAT REMAIN TO BE TRIED.....................................18

10
9. STATUS OF DISCOVERY ...........................................................18

11
10. F.R.Civ.P. 26(a)(3) DISCLOSURES AND OBJECTIONS TO EXHIBITS ...19

12
11. WITNESSES ...................................................................................19

13
12. PENDING LAW AND MOTION MATTERS................................20

14
13. BIFURCATION ..............................................................................20

15
14. PARTY ADMISSIONS ...................................................................20

16

17

18

19

20

21

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

[JOINT PROPOSED] FINAL PRETRIAL CONFERENCE ORDER (2:19-cv-09336-ODW-PVC)

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

1    Following pre-trial proceedings, pursuant to F.R.Civ.P. 16 and L.R. 16, IT

2 IS ORDERED:

3    **1.   THE PARTIES**

4    The parties are: Plaintiff Castel S.A. ("Castel"), Defendant Christopher A.

5 Wilson ("Wilson"), and Defendant ARF Partners, LLC ("ARF").

6    Each of these parties has been served and has appeared. All other parties

7 named in the pleadings and not identified in the preceding paragraph are now

8 dismissed.

9    The pleadings which raise the issues are: Plaintiff's Second Amended

10 Complaint, filed on January 28, 2021 [Doc. 91] and the Defendants' respective

11 answers thereto [Doc. 94 and 95].

12   **2.   JURISDICTION AND VENUE**

13   Federal jurisdiction is invoked pursuant to 28 USC § 1332(a) based on the

14 amount in controversy and diversity of citizenship. The amount of the lawsuit

15 exceeds $75,000. Castel is a citizen of Luxembourg, Wilson is a citizen of

16 California, and ARF's members are citizens of Massachusetts and Taiwan.

17   Venue is based on 28 USC § 1391(c) and 28 USC § 1391(d) because AIT,

18 the subject of this lawsuit, was registered to do business in California with a

19 designated address at 818 West Seventh Street in Los Angeles, California.

20 Additionally, Defendant Wilson resided at 22 Vista Del Sol in Laguna Beach,

21

California while acting as CEO of AIT at the time of the disputed transactions and other conduct alleged by Castel in this case.

**3. <u>TRIAL TIME ESTIMATE</u>**

The trial is estimated to take 5 trial days.

**4. <u>JURY/BENCH TRIAL</u>**

The trial is to be a bench trial.

**5. <u>ADMITTED FACTS</u>**

The following facts are admitted and require no proof:

(a) Aurora Imaging Technology, Inc. ("AIT") was formed as a Delaware Corporation in 1999.

(b) AIT developed, manufactured, and sold an FDA-approved MRI system designed for 3-D bilateral breast imaging.

(c) AIT is a Delaware corporation that specializes in advanced breast imaging relating to the prevention, diagnosis, and treatment of breast cancer, and had the authority to issue 50,000,000 shares of common stock and 35,000,000 shares of preferred stock, in several series. The types of stock AIT issued included Common, Preferred A, Preferred B, Preferred C, and Preferred D Stock.

(d) On or about June 19, 2006, Castel invested in AIT and purchased 1,010,101 shares of AIT's Series C preferred stock in accordance with the Series C Preferred Stock Purchase Agreement between Castel and AIT.

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

(e) On or about July 15, 2008, Castel again invested in AIT and purchased 512,821 shares of AIT's Series D preferred stock in accordance with a contract titled "Series D Preferred Stock Purchase Agreement."

(f) Castel owned 16.7% of Series C and 16.7% of Series D stock, or almost 4% overall of AIT.

(g) On or about March 14, 2011, AIT signed a Secured Promissory Note issued by Castel, bearing terms and conditions that were agreed to by both Castel and AIT, whereby Castel lent AIT $250,000.

(h) Pharos Capital Partners II-A L.P. and Pharos Capital Partners II, L.P. (collectively "Pharos") owned 5,050,505 shares of series C stock (purchased in May of 2006) and 2,564,103 of series D stock (purchased in July of 2008), which cumulatively amounted to 83.3% of preferred series C and 83.3% of preferred series D stock. Also, Pharos separately lent AIT $3,300,000 pursuant to a number of Promissory Notes (the "Promissory Notes" and collectively and cumulatively referred to as the "Pharos Notes and Investments").

(i) Under the terms of the June 2006 AIT Stockholder Agreement between Pharos and Castel, neither AIT nor Pharos could take any action to amend, modify, waive or repeal specified provisions of the Certificate of Incorporation to adversely affect the financial benefits accruing to the holders of Series C Stock without Castel's written consent. For all other

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

1   matters requiring the approval of the Series C shareholders, Pharos was

2   required to "make reasonable efforts to consult with [Castel] before

3   approving such a matter."

4   (j) Pursuant to the Series C Shareholder's Agreement, Castel was entitled to

5   designate an observer to attend meetings of the AIT Board of Directors.

6   **6. <u>STIPULATED FACTS</u>**

7   The following facts, though stipulated, shall be without prejudice to any

8   evidentiary objection:

9   (a) Beginning in 2010, with the approval of AIT's Board of Directors, the

10  company entered into negotiations for the sale of AIT to China Resources

11  Corporation ("CRC"), a Chinese state-owned company interested in

12  merging with AIT or purchasing the company for approximately $100

13  million.

14  (b) The negotiations with CRC lasted approximately two years.

15  (c) In 2012, CRC advised AIT that it elected to terminate the Merger

16  Agreement.

17  (d) Olivia Ho Cheng ("Cheng") was the President and CEO of AIT from 2003

18  until her resignation in July 2013.

19  (e) Together with her husband Ken, Cheng, as an individual, also owned

20  264,697 shares of Common stock, 185,814 shares of Series A Preferred

21  stock and 66,750 shares of Series B Preferred stock in AIT.

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

(f) In 2012, Wilson became a shareholder of AIT when his father-in-law, Rondell B. Hanson, gifted Wilson 17,811 shares of common stock, 13,122 shares Series A preferred stock and 625 shares Series B preferred stock.

(g) Shortly after Olivia Cheng's resignation, Michael Devlin became the President and CEO of AIT and another Pharos representative, Anna Kovalkova, became the corporate Secretary and Treasurer.

(h) On or about June 2015, AIT's executive officers and all other members of the Board of Directors resigned, except Wilson.

(i) Prior to their resignation, the AIT Board of Directors voted to appoint Wilson as the interim President and CEO.

(j) On or about November 25, 2015, Pharos, AIT, and ARF entered into a Novation Agreement, to novate the rights and obligations under the Amended and Restated Note Purchase, Guaranty and Security Agreement dated August 19, 2014, defined therein as the "Contract."

(k) On or about November 25, 2015, Pharos entered into a Stock and Note Purchase Agreement and Assignment of Amended and Restated Note Purchase, Guaranty and Security Agreement ("Stock and Note Purchase Agreement") with ARF.

(l) On or about November 25, 2015, Pharos, AIT and Aurora Breast MRI of Central Massachusetts, LLC entered into a Settlement Agreement and Release of Claims (the "Settlement Agreement"). By and through the

1    Settlement Agreement, AIT consented to the sale of the Pharos Notes and

2    Investments pursuant to the Stock and Note Purchase Agreement.

3  (m)    Cheng is the CEO of Aurora Healthcare US Corp. ("AHC").

4  (n) Cheng is the managing member of ARF.

5  (o) To authorize the sale of AIT's assets to AHC, AIT was required to obtain

6    majority shareholder consent from each of three different groups of

7    shareholders: Series C preferred stockholders, Series D preferred

8    stockholders, and a combined majority from the remaining shareholders.

9  (p) The Orchard Partners report, dated November 16, 2016, indicates that the

10    value of the assets to be purchased was between $6,181,000 and

11    $9,652,000.

12  (q) On October 31, 2016, Wilson and Cheng executed an Asset Purchase

13    Agreement for the sale and transfer of assets and liabilities of AIT to

14    Aurora Healthcare SPC ("Aurora SPC") for $8,500,000.

15  (r) AHC was formed on November 4, 2016.

16  (s) At the time of the transfer of the assets from AIT to AHC in 2016, Cheng

17    was the CEO of AHC.

18  (t) On November 15, 2016, AIT, Aurora SPC, ARF, and BE Capital Partners

19    USA, LLC ("BE Capital") entered into a Waiver, Acknowledgement and

20    Agreement – Buyer Equity Conversion ("Waiver").

21  (u) Wilson was CEO of AIT from 2015 until his resignation in June 2020.

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

(v) Wilson operated AIT from the State of California during his tenure as CEO.

(w)    Wilson was the sole officer and director of AIT while he was CEO of AIT.

(x) On June 6, 2017, Castel filed a civil action against AIT entitled *Castel S.A. v. Aurora Imaging Technology, Inc.*, Central District of California Civil Case No. CV 17-4198-DMG-KS (the "AIT Action") and obtained a Judgment against AIT in that matter.

## 7.  CLAIMS AND DEFENSES

Plaintiff:

Plaintiff plans to pursue the following claims against the following defendants, including all elements for each claim with supporting facts:

| *Claim 1*: Fraudulent Deceit and Concealment as to Defendant Christopher A. Wilson | |
|---|---|
| ELEMENT | SUPPORTING FACTS |
| (1) Defendant and Castel were in a fiduciary relationship and Defendant intentionally failed to disclose certain facts to Castel. | - At the time of the fraudulent transactions, Wilson was the Chief Executive Officer and sole director of AIT, and therefore owed fiduciary duties to AIT shareholders, including Castel.<br>- At the time of the fraudulent transactions, Castel was a shareholder of AIT through its ownership of Series C and Series D shares in AIT.<br>- At the time of the fraudulent transactions, Castel was a creditor of AIT.<br>- Wilson admitted through deposition |

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

| | testimony that he never informed Castel of the following facts: |
|---|---|
| | ▪ The transfer of Pharos Capital Partners II, LP's and Pharos Capital Partners II-A, LP's (collectively "Pharos") instruments to ARF, which he never informed Castel about; |
| | ▪ AIT's financial statements |
| | ▪ Information about the proposed buyer, the Cayman Islands Company; |
| | ▪ The actual sale of AIT to Aurora Healthcare and the changes to its material terms of the sale; |
| | ▪ Information about the actual buyer, Aurora Healthcare; |
| | ▪ The 4 million dollar discount the buyer received upon purchasing AIT; |
| | ▪ The personal benefits Wilson bargained for in assisting Cheng with executing their plan and transaction; |
| | ▪ Cheng was the dominant figure on both sides of the sale of AIT because she was acting in her capacity as managing member of ARF, as CEO of Aurora Healthcare and as the Chairman of the Cayman Islands Company; and |
| | ▪ Negotiations with other creditors of the same status as Castel, in which they were offered more money in return for their loans, than Castel. |
| (2) Castel did not know of the concealed facts. | Castel had no knowledge of the above facts until at least 2018, through discovery in this litigation and a prior litigation against AIT. |

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

| | |
|---|---|
| (3) Defendant intended to deceive Castel by concealing the facts. | - Wilson expected to receive some form of equity interest in either Aurora Healthcare or ARF Partners as part of the sale;<br>- Wilson provided Castel with a sham agreement and requested consent to the sale on the basis of the sham agreement, which had a different buyer, different payments, and less cash at closing;<br>- Wilson admits that he never informed the shareholders, including Castel, of the actual buyer of AIT, Aurora Healthcare;<br>- Wilson admits he backdated the Asset Purchase Agreement; and<br>- Wilson admits that he signed agreements as an officer of AIT related to the sale of AIT's assets which he knew contained false information. |
| (4) Had the omitted information been disclosed, Castel reasonably would have acted differently. | Had Castel known of all of the material information, Castel would have: accepted the $100,000 settlement, purchased AIT, invested additional money in AIT, or made other decisions to preserve the value of its loan and investment in AIT. |
| (5) Castel was harmed. | - Castel lost its entire investment and loans in AIT.<br>- Castel lost out on the opportunity to: accept the $100,000 settlement, purchase AIT, recapitalize AIT, or make other decisions to preserve the value of its loans and investment in AIT. |
| (6) Defendant's concealment was a substantial factor in causing Castel's harm. | - Castel was never provided with all necessary, material information regarding the concealed facts referenced above.<br>- Had Castel known of these facts, |

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

|  |  |
|---|---|
|  | Castel would have acted differently and taken action, instead of losing the value of its entire investment and loan. |
| *Claim 2*: Fraudulent Deceit and Concealment as to Defendant ARF Partners, LLC | |
| ELEMENT | SUPPORTING FACTS |
| (1) Defendant ARF Partners owed a duty of disclosure to Castel and intentionally failed to disclose certain facts to Castel. | - ARF owed a duty of disclosure to Castel based on ARF's status as a majority and/or controlling shareholder of AIT of each of series C and series D stock.<br><br>- ARF also owed a duty of disclosure to Castel based on its obligations under the Series C and Series D Stockholder Agreements.<br><br>- ARF admitted through deposition testimony that it never informed Castel of the following facts:<br>  ▪ Its formation was based on a larger scheme to purchase Pharos Notes and Investments for pennies on the dollar, so that the managing member, Cheng, could purchase AIT's asset through another one of her companies (the buyer), at a significantly discounted rate;<br>  ▪ The purchase and transfer of Pharos' instruments to ARF, including its Notes and Investments;<br>  ▪ Details of the true buyer of AIT's assets;<br>  ▪ The purported sale of AIT to the Cayman Islands Company;<br>  ▪ The actual sale of AIT to Aurora Healthcare and the changes to its material terms;<br>  ▪ The discount the buyer received on the purchase price of AIT;<br>  ▪ Details of AIT's financial information and asset valuations |

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

|  |  |
|---|---|
|  | regarding the sale to Aurora Healthcare;<br><br>■ The additional financial and equity benefits ARF received from the sale of AIT; and<br><br>■ Cheng was the dominant figure on both sides of the sale of AIT because she was acting in her capacity of managing member of ARF and CEO of Aurora Healthcare and the Chairman of the Cayman Islands Company. |
| (2) Castel did not know of the concealed facts. | ARF Partners never informed Castel regarding any of the above facts, despite its knowledge. |
| (3) Defendant intended to deceive Castel by concealing the facts. | ARF Partners was acting on both sides of the transaction and stood a benefit to gain from the concealment and sale including acquiring a membership interest in the buyer. |
| (4) Had the omitted information been disclosed, Castel reasonably would have acted differently. | Had Castel known of all of the information, Castel would have: accepted the $100,000 settlement, purchased AIT, invested additional capital in AIT, or make other decisions to preserve the value of its loan and investments in AIT. |
| (5) Castel was harmed. | - Castel lost the value of its entire investment and loans in AIT.<br>- Castel lost out on the opportunity to: accept the $100,000 settlement, purchase AIT, invest additional capital in AIT, or make other decisions to preserve the value of its loans and investment in AIT. |

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

| (6) Defendant's concealment was a substantial factor in causing Castel's harm. | - Castel was never provided with all necessary, material information regarding the concealed facts referenced above.<br>- Had Castel known of these facts, Castel would have acted differently instead of losing its entire investment and loan. |
|---|---|

| Claim 3: Breach of Fiduciary Duties as to Defendant Christopher Wilson pursuant to Delaware law | |
|---|---|
| **ELEMENT** | **SUPPORTING FACTS** |
| (1) Existence of a fiduciary relationship between Wilson and Castel. | -Wilson was the acting CEO of AIT at the time of the transaction; and<br>-Castel was a shareholder of AIT. |
| (2) The fiduciary breached his duties of good faith, care, and loyalty | -Wilson participated in the transaction as AIT's CEO and sole director;<br>-Wilson provided preferential treatment to creditors of the same class, but not to Castel;<br>-Wilson had an actual conflict of interest in the deal because he had something to gain from the sale;<br>-Wilson performed no investigation or due diligence on the proposed buyer or the actual buyer<br>-Wilson signed sale documents on behalf of AIT that he knew contained false information; and<br>-Wilson backdated the APA |
| (3) 3. The breach caused Plaintiff's harm. | - Castel lost its entire investment and loans in AIT.<br>- Castel lost out on the opportunity to: accept the $100,000 settlement, purchase AIT, recapitalize AIT, or make other decisions to preserve its loans and investment in AIT. |

| | |
|---|---|
| *Claim 4*: Breach of Contract as to Defendant ARF Partners, LLC pursuant to Delaware law | |
| ELEMENT | SUPPORTING FACTS |
| (1) Castel and Defendant ARF Partners had an agreement. | - AIT, Pharos and Castel entered into a Series C Stockholder Agreement on or about June 2006.<br>- AIT, Pharos and Castel entered into a Series D Stockholder Agreement on or about July 15, 2008<br>- On November 25, 2015, when ARF purchased Pharos' Notes and investments, including the Series C and Series D preferred shares in AIT, ARF not only accepted the benefits of owning the Series C and D stock, but it was also assigned the obligations and liabilities that come with those shares, including the obligations owed to Castel under the Series C and D Stockholders Agreements.<br>- Additionally, when ARF entered into a Novation Agreement, ARF agreed to assume the liabilities and obligations that accompany the Series C and Series D shares and as such, was in privity of contract and bound to the Series C and Series D Stockholder Agreements.<br>- Specifically, the AIT Series C and D Stockholders Agreements contained a provision regarding consultation in Section 4 of the Agreement;<br>- The sale of the Series C and Series D Stock and, more generally, the sale of AIT, were among such matters requiring notice and consultation. |
| (2) There was a breach of an obligation imposed by the agreement. | - ARF breached the Series C and Series D Stockholder Agreements by:<br>  ▪ Failing to notify or consult with Castel regarding the sale of AIT's assets to the proposed buyer, the |

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

| | |
|---|---|
| | Cayman Islands Company and thereafter the actual buyer, Aurora Healthcare, despite ARF's pivotal role in the sale;<br>▪ Failing to recuse itself from the sale as it was an interested party to the transaction; and<br>▪ Consenting to the sale of AIT's assets and acting on both sides of the sale between AIT and Aurora Healthcare, without first notifying or consulting with Castel regarding the sale. |
| (3) Castel was harmed | - Castel lost its entire investment and loan in AIT.<br>- Castel lost out on the opportunity to: accept the $100,000 settlement, purchase AIT, recapitalize AIT or make other decisions to preserve its loan and investments in AIT. |

**Defendants:**

Defendants plan to pursue the following affirmative defenses:

**Business Judgment Rule**

(a)     Christopher Wilson plans to pursue the affirmative defense of the Business Judgment Rule as to all claims alleged against him.

(b)     Wilson is presumed to have acted on an informed basis, in good faith, and in the honest belief that the actions he took were in the best interest of the company. This presumption is called the Business Judgment Rule. To overcome the Business Judgment Rule, Castel bears the burden of proving that Wilson: (1) had a personal interest in the subject matter of the transactions; (2) was grossly

negligent in failing to inform himself regarding the transactions; or (3) did not act in good faith in approving the transactions. (*Aronson v. Lewis*, 473 A.2d 805, 812 (1984); *Citron v. Fairchild Camera & Instrument Corp.*, 569 A.2d 53, 64 (Del. 1988); *eBay Domestic Holdings, Inc. v. Newmark*, 16 A.3d 1, 36 (Del. Ch. 2010); *Central Laborers' Pension Fund v. McAfee, Inc*., 17 Cal.App.5th 292, 317-318 (2017).)

If the Court finds that Castel has overcome the business judgment rule, then Wilson has the burden of proving that the transaction was entirely fair. To meet the "Entire Fairness Standard," Wilson has the burden to establish that the transaction, when considered as a whole, was the product of fair dealing and fair price, with price being the paramount consideration. (*eBay Domestic Holdings, Inc. v. Newmark*, 16 A.3d 1, 36, 42 (Del. Ch. 2010).)

(c)     The evidence Wilson will rely on is the testimony of Wilson, Steve James, Olivia Cheng, Anna Kovalkova, the transactional documents, and documents relating to the financial condition of Aurora Imaging Technology.

**Limitation on Liability**

(a)     Christopher Wilson plans to pursue the affirmative defense of the Contractual Limitation on Liability as to all claims alleged against him.

(b)     Wilson bears the burden of proving that the Certificate of Incorporation for Aurora Imaging Technology shields directors from liability for breach of duty of care.  (Del. Code Ann. Tit. 8, §102(b)(7).)

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

(c)    The evidence Wilson will rely on is the Certificate of Incorporation for Aurora Imaging Technology.

**Failure to Mitigate Damages**

(a)    Defendants Wilson and ARF plan to pursue the affirmative defense of Failure to Mitigate Damages as to all claims asserted against them.

(b)    Wilson and ARF have the burden of establishing that Castel could have avoided all or part of its alleged damages with reasonable efforts or expenditures. (Pattern Instructions for Civil Practice in the Superior Court of the State of Delaware (2000 Edition), §22.24.)

(c)    The evidence Wilson and ARF will rely on is the testimony of Wilson, Steve James, Olivia Cheng, Anna Kovalkova and Castel, the documents relating to the financial condition of Aurora Imaging Technology, and communications between AIT and Castel.

**8.   ISSUES THAT REMAIN TO BE TRIED**

In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried: Plaintiff's claims as set forth in its Second Amended Complaint, and Defendants' affirmative defenses as noted above.

**9.   STATUS OF DISCOVERY**

All discovery is complete.

**10. F.R.Civ.P. 26(a)(3) DISCLOSURES AND OBJECTIONS TO EXHIBITS**

All disclosures under F.R.Civ.P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

Plaintiff objects to Exhibit Nos. **58, 70-78, 92, 96, 97, 102, 113, 117, 118, 123, and 124.**

The objections and grounds therefore are: Relevancy (FED. R. EVID. 402, 403), Hearsay (FED. R. EVID. 801 and 802), and Authentication (FED. R. EVID. 901).

**11. WITNESSES**

A Joint Witness list of the parties has been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1: Anna Kovalkova (September 10, 2021) and Steve James (May 21, 2021).

/ / /

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

## 12. PENDING LAW AND MOTION MATTERS

The following law and motion matters and motions in limine, and no others, are pending or contemplated: None.

## 13. BIFURCATION

Bifurcation of the following issues for trial is ordered: None.

## 14. PARTY ADMISSIONS

The foregoing admissions and stipulations having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

DATED: May 19, 2023

_____
Douglas F. McCormick
UNITED STATES MAGISTRATE JUDGE

Approved as to form and content.

Valla & Associates, Inc., P.C.

By:    */s/ Lisa Schachne*
       Lisa Schachne, Esq.
       Attorneys for Plaintiff Castel S.A.

Julander, Brown & Bollard

By:    */s/ Catherine Close*
       Catherine Close, Esq.
       Attorneys for Defendants ARF Partners, LLC, and
       Christopher Wilson